**The STATE of Ohio, Appellee,**

**v.**

**CARRION, Appellant.**

[Cite as *State v. Carrion* (1992), 84 Ohio App.3d 27.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005323.

Decided Nov. 25, 1992.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Daniel G. Wightman,* for appellant.

Reece, Judge.

Defendant-appellant, James Carrion, appeals his conviction for domestic violence, R.C. 2919.25(A). We affirm.

Carrion was charged with two counts of domestic violence. Both counts resulted from the same incident. The first count charged him with causing physical harm to December Ann Carrion, his wife. The second count involved his step-son, Timothy Roy Young. Each count carried a specification alleging a previous conviction of domestic violence. The charges arose out of an incident that occurred at the Carrions' marital residence on October 7, 1991. It is alleged that on that day an argument began among the Carrions that led to a physical confrontation when December tried to leave home with the children.

A jury trial was held on February 5, 1992. During that trial, evidence was admitted regarding other acts of domestic violence committed by Carrion. For one of those acts he was convicted of domestic violence; however, this conviction occurred when Carrion had waived his right to counsel. Carrion was convicted on both counts of domestic violence; he appeals raising three assignments of error.

Assignment of Error No. I

"The court committed plain error by admitting into evidence prior wrongful acts of the defendant."

December Carrion was permitted to testify concerning instances of physical violence for which the defendant was not on trial. However, Carrion's counsel did not object to the admission of this testimony.

Absent a plain error, issues which are not addressed to the trial court at the time at which they could be remedied will generally not be reviewed. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one

of the syllabus; *State v. Self* (1990), 56 Ohio St.3d 73, 81, 564 N.E.2d 446, 454. In criminal cases, plain error is governed by Crim.R. 52(B) which states:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

The Supreme Court has repeatedly admonished that this exception to the general rule is to be invoked reluctantly.

"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. See, also, *State v. Thompson* (1987), 33 Ohio St.3d 1, 10, 514 N.E.2d 407, 416; *State v. Williford* (1990), 49 Ohio St.3d 247, 253, 551 N.E.2d 1279, 1284 (Resnick, J., dissenting).

In this case, we cannot say there was a miscarriage of justice. The state produced substantial testimony showing that Carrion committed the acts of domestic violence for which he was charged. Both victims testified that Carrion had struck them on the night in question. Each witness was treated for physical injuries arising from the confrontation. Officer Doug Smith stated that he observed the injuries suffered by December and Tim.

The state also presented the testimony of Jack Young, December's ex-husband. Young observed the injuries suffered by Tim and his ex-wife. Further, Young claimed that Carrion called him the next day and admitted to hitting Tim and December. Carrion stated on direct examination that he struck both victims.

Assuming, *arguendo,* that it was improper under Evid.R. 404(B) and R.C. 2945.59 to admit the other act evidence, we cannot say that the court committed plain error by admitting it without objection. Accordingly, James' first assignment of error is without merit.

Assignment of Error No. II

"The defendant/appellant's uncounseled conviction for domestic violence was improperly used to enhance his sentence by elevating the offenses of domestic violence to felonies of the fourth degree in violation of the defendant's right to counsel under the Sixth Amendment and his right to due process."

Carrion had been convicted of domestic violence in 1990. *State v. Carrion* (June 21, 1990), Lorain M.C. No. 90CRB1925, unreported. This conviction was used to elevate the charges of domestic violence from misdemeanors of the first degree to felonies of the fourth degree. Carrion moved that the earlier conviction be struck because he had not been represented by counsel. The court denied this motion finding that the defendant waived his right to counsel.

It is true that an uncounseled conviction cannot be used to enhance a sentence in a later conviction. *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169; *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501. However, in neither *Baldasar* nor *Brandon* did the defendant waive his right to counsel. *Brandon* was an appeal from this court. We had stated, in considering *Brandon*'s appeal, that an uncounseled conviction "is one where the defendant was not represented by counsel nor *made a knowing and intelligent waiver of counsel.*" (Emphasis added.) *State v. Brandon* (May 25, 1988), Summit App. No. 13380, unreported, fn. 1, 1988 WL 54227, reversed on other grounds (1989), 45 Ohio St.3d 85, 543 N.E.2d 501. Thus, we do not consider a defendant who is afforded the right to counsel but rejects that right to have suffered an uncounseled conviction. The rule adopted in *Baldasar* does not apply to Carrion.

The distinction between a defendant who waives his right to an attorney and one who is not afforded counsel by the state is warranted by the rationale of *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and its progeny. Since *Gideon,* courts have used the Sixth Amendment's right to counsel provision to protect the indigent defendant from the prosecutorial machinery of the state. *Id.* at 344, 83 S.Ct. at 796, 9 L.Ed.2d at 805. That concern for the uncounseled, indigent defendant does not apply to an accused who voluntarily waives his right to counsel. A defendant who waives the right to counsel is asserting his independent right of self-representation. See, generally, *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. Because this right can only be voluntarily and intelligently waived, the fairness concerns that motivated the court in *Baldasar, supra,* to protect indigent defendants do not apply. Thus, the Sixth Amendment does not provide special protection to a defendant in Carrion's position who waives his right to counsel. *State v. Gibson* (1976), 45 Ohio St.2d 366, 376, 74 O.O.2d 525, 530, 345 N.E.2d 399, 405.

Carrion also argues that he did not voluntarily and intelligently waive his right to counsel. In order to establish an effective waiver of counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and relinquishes that right. *Id.* at paragraph two of syllabus. In this case, a waiver signed by Carrion indicates that the court ensured that he made a knowing and intelligent waiver. Nothing in the record before us indicates that the signed waiver is faulty. Therefore, we must presume it to be proper. See *Brandon,* 45 Ohio St.3d at 87, 543 N.E.2d at 503. Carrion's second assignment of error is overruled.

Assignment of Error No. III

"The defendant was denied the effective assistance of counsel and his conviction was in violation of his Sixth Amendment right to counsel."

In order to succeed in an ineffective assistance of counsel claim, a defendant must meet the standard articulated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

*Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; see *State v. Post* (1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754, 762.

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–695. In Ohio, a properly licensed attorney is presumed competent and the burden to prove ineffectiveness of counsel is on the defendant. *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 17 OBR 219, 220, 477 N.E.2d 1128, 1130.

Carrion advances three instances in which his counsel's performance was inadequate. First, he points to the admission of other acts evidence. He also asserts that counsel was ineffective when he failed to seek a jury instruction on self-defense. Lastly, Carrion posits that counsel's mistaken belief that provocation was an affirmative defense unduly prejudiced his case. We reject each argument.

As we discussed in response to Carrion's first assignment of error, substantial evidence besides the other act evidence exists to support the jury's conviction. Thus, Carrion was not prejudiced by counsel's failure to object. Further, trial tactics of defense counsel generally are not enough to give rise to a claim of ineffective assistance of counsel. *State v. Hargrove* (Mar. 19, 1986), Summit App. No. 12334, unreported, at 3, 1986 WL 3668. The decision to object to the admission of evidence is a trial tactic.

Counsel's mistaken impression that provocation was an affirmative defense and his failure to argue self-defense also did not prejudice the defendant. In attempting to show provocation, defense counsel emphasized a portion of the

evidence. Like the admission of evidence, emphasizing certain pieces of evidence is a tactical decision best left to trial counsel's discretion. While provocation is not a valid defense, the facts that gave rise to provocation would also help to foster sympathy for the defendant. Thus, defendant was not prejudiced by emphasizing these facts which were helpful to his cause.

The state claims that Carrion admitted on cross-examination that he did not fear his wife or step-son. We agree that Carrion stated he did not fear Tim, a necessary requirement for self-defense. *State v. Phillips* (Sept. 20, 1989), Summit App. No. 14062, unreported at 4–5, 1989 WL 109139. However, we do not read Carrion's trial testimony as clearly indicating a lack of fear of December throughout the incident. While Carrion may have feared December would harm him after she began to protect Tim, he had already committed acts of domestic violence towards December prior to this time. There is no evidence showing that Carrion feared December when he initiated the confrontation with her. Thus, Carrion was not prejudiced by counsel's failure to request a jury instruction on self-defense. The third assignment of error is overruled.

We affirm the trial court's judgment.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.