JOURNAL ENTRY and OPINION
Appellant Anthony Vales appeals the decision of the trial court convicting him of domestic violence and enhancing the sentence imposed due to Vales' prior conviction for domestic violence. Vales assigns the following error for our review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENHANCING A DOMESTIC VIOLENCE CONVICTION FROM A MISDEMEANOR TO A FELONY BASED ON A PRIOR UNCOUNSELED NO CONTEST PLEA FOR WHICH DEFENDANT WAS IMPRISONED.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On June 25, 1998, Anthony Vales was indicted for domestic violence after an April 18, 1998 incident in which he hit his wife in the face with a bottle. The indictment contained the following clause:
 Furthermore, the said Anthony Vales, with counsel, on or about the 8th day of May, 1989, in the South Euclid Municipal Court, Case No. CR 89-B-88, having been convicted of the crime of Domestic Violence, in violation of Revised Code Section 2919.25
of the State of Ohio.
On September 14, 1998, the parties appeared for trial of the case. At the beginning of the voir dire, the trial court made the following statements to the prospective jurors:
 Each case begins with an indictment. This case is an indictment that reads: On or about April 18th, 1998, that Anthony Vales did knowingly cause, or attempt to cause physical harm to Sandra Vales, a family member or household member, pursuant to 2919.25 of the Revised Code. Furthermore, that Anthony Vales, with counsel on or about the 28th day of May, 1989 — at this time will counsel approach?
(Tr. 14-15.)
After a sidebar, the trial continued its instructions.
 Okay. That Anthony Vales, he was indicted in the Muni Court on the same case which was bound over to our case, which normally happens in every suburban court. I don't know if you know that procedurally, or not.
(Tr. 15.)
After the jury was excused, Vales' defense counsel asked the trial court to bring in a new panel of jurors because the trial court's partial reading of the furthermore clause made the jurors aware that Vales had a prior conviction. Defense counsel also argued that Vales was not represented by counsel at the time of his prior conviction and that, as a matter of law, his current domestic violence charge should be treated as a first offense.
The prosecution objected, reasoning that there was no basis to believe the prospective jurors would infer a prior conviction from the court's partial reading of the furthermore clause and that there was no prejudice to Vales. The prosecution argued that, even if the prior charge was uncounseled, it could still be used to enhance the current offense as long as Vales knowingly and intelligently waived his right to counsel. In support of its argument, the prosecution produced a "Statement of Rights" signed by Vales on May 8, 1989, which included the following statement:
 I hereby state that I have been informed by the court of and understand * * * my right to retain counsel even if I intend to plead guilty and of my right to a reasonable continuance to secure counsel; my right to have counsel assigned to me without cost if I am unable to employ counsel even though I intend to plead guilty and of my right to a reasonable continuance.
* * *
 I state that I have received a copy of the complaint and with knowledge of any rights aforesaid I hereby knowingly, voluntarily and intelligently enter a plea of no contest.]
Vales' defense counsel argued that the written form was not sufficient and that the trial court had a duty to determine that the plea was knowing and voluntary. The trial court refused Vales' request to seat a new panel of prospective jurors, stating that the prior conviction had been established to the court's satisfaction.
After a recess, Vales' trial counsel announced his intention to withdraw his not guilty plea and entered a no contest plea to the domestic violence charge. His trial counsel confirmed that there was "no dispute" that Vales was convicted of a prior domestic violence offense on May 8, 1989.
As the trial court began to question Vales about the proposed plea, Vales told the court that he was taking the medication Zoloft for "nerves." The trial court noted that Vales appeared to be half-asleep and expressed concern that Vales might not understand the proceedings. The court ordered that Vales undergo a psychiatric evaluation to determine his competency.
Vales appeared in court the following day. The trial court stated on the record that Vales appeared to be coherent, alert, and capable of understanding the proceedings. Vales' trial counsel confirmed that Vales was aware of the proceedings and had been advised of the nature of the plea and its consequences. At the request of Vales' counsel, the indictment was amended to note that Vales was without counsel at the time of his prior conviction. After being advised of his constitutional rights, Vales pleaded no contest to domestic violence.
Vales was later convicted of domestic violence and of the furthermore clause of the indictment. He was sentenced to three years of community control, ordered to complete an anger management/domestic violence program, a family counseling program, and an outpatient drug assessment and treatment program. He was ordered to maintain employment, abstain from illegal drug use and to submit to random urine testing. This appeal followed.
In his assignment of error, Vales argues that his uncounseled prior conviction should not have been used to enhance his sentence. R.C. 2919.25(A) provides:
 No person shall knowingly cause or attempt to cause physical harm to a family or household member.
Under R.C. 2919.25(D), a violation of R.C. 2919.25(A) is a misdemeanor of the first degree. However, R.C. 2919.25(D) also provides that "if the offender previously has been convicted of domestic violence * * * a violation of division (A) or (B) of this section is a felony of the fifth degree."
The furthermore clause alleged that Vales was convicted of domestic violence, a misdemeanor, in 1989. Citing Nichols v.United States (1994), 511 U.S. 738, 114 S.Ct. 1921,128 L.Ed.2d 745 and City of Columbus v. Carrel (1990), 70 Ohio App.3d 80,590 N.E.2d 409, Vales argues that an uncounseled conviction can not be used to enhance either the degree or the nature of the offense in a subsequent proceeding. In Scott v. Illinois (1979),440 U.S. 367, 59 L.Ed.2d 383, 99 S.Ct. 1158, the Supreme Court held that an uncounseled misdemeanor conviction may not be used to enhance a sentence in any subsequent conviction. See, also, State v.Brandon (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501, 503.
However, when challenging a prior conviction, a defendant must present prima facie evidence of a constitutional violation.Brandon, 45 Ohio St.3d at 86, 543 N.E.2d at 503. See also, Statev. Adams (1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1363. Once such a prima facie showing is made, the burden shifts to the state to prove that the defendant was afforded his right to counsel. State v. Conley (Nov. 4, 1997), Scioto App. No. 97CA2481, unreported, citing State v. Maynard (1987), 38 Ohio App.3d 50,52-53, 526 N.E.2d 316, 319. If the state shows that the defendant knowingly, voluntarily and intelligently waived his right to counsel, the defendant's conviction will not be deemed an uncounseled conviction. Conley, citing State v. Carrion
(1992), 84 Ohio App.3d 27, 31, 616 N.E.2d 261, 264; State v.Hayes (Jul. 25, 1997), Meigs App. No. 96CA23, unreported.
In this case, the state produced a form entitled "Statement of Rights" signed by Vales on May 8, 1989, which included the statement that he had been informed of his right to counsel and that he knowingly, voluntarily and intelligently entered a plea of no contest. The state argues that the form sufficiently demonstrated a valid waiver by Vales of his right to counsel. Citing Crim. R. 44(C), Vales argues that a waiver of counsel must appear on the record in open court in order to be valid and that, since no transcript of the plea hearing was produced by the state, there was insufficient proof of a valid waiver.
Crim.R. 44(B) provides:
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
Crim.R. 44(C) provides:
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
Crim.R. 22 provides that, in petty offense cases, all waivers of counsel required by Rule 44(B) shall be recorded. However, in determining whether a prior uncounseled conviction can be used to enhance the sentence in a subsequent conviction, several courts have held that the waiver of counsel need not appear on the record in open court. For example, in State v. Carrion (1992),84 Ohio App.3d 27, 616 N.E.2d 261, the court held that the defendant's signature on a written waiver form was sufficient to demonstrate a knowing and intelligent waiver of the right to counsel. The court reasoned that, without any evidence in the record that the signed waiver was faulty, the waiver must be presumed to be proper. Carrion, 84 Ohio App.3d at 31,616 N.E.2d at 264, citing Brandon, 45 Ohio St.3d at 87, 543 N.E.2d at 503. See, also, State v. Chapman (Oct. 23, 1995), Fayette App. No. CA95-01-003, unreported.
This court has held courts to a standard of strict compliance with the criminal rules when assessing the validity of waivers of counsel. In City of Mayfield Hts. v. Galati (June 3, 1999), Cuyahoga App. No. 74202, unreported, we held that a 9(C) statement indicating that the defendant was advised of his right to counsel and signed a waiver of rights form was insufficient to establish a valid waiver of counsel.
 The record here contains only the court's approved statement of the evidence, which even if viewed in a light most favorable to the state, does not establish the court addressed Galati personally or informed him of his right to counsel, the maximum penalty involved, or that the court could proceed with judgment and impose sentence. Although the App.R. 9(C) statement of evidence made part of the record on appeal recites compliance with Galati's constitutional rights, it fails to address the mandatory provisions of Crim.R. 11 and Crim.R. 44 which require a court to address the defendant personally in open court and to record the proceedings as provided in [Crim.R. 22]. Thus, we cannot conclude that the court complied with the requirements of Crim.R. 11 or Crim.R. 44, nor that Galati's waiver of counsel affirmatively appears in the record.
Galati. See also Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216,217, 479 N.E.2d 309, 311 ("The requirements of the Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded."); State v. Lassiter (July 22, 1999), Cuyahoga App. No. 73338, unreported ("[A] written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded.") (Citations omitted.)
However, each of these cases involves a direct appeal of a criminal conviction. When determining whether an uncounseled conviction may be used for purposes of sentence enhancement, we agree with the approach taken by the Carrion court. In Carrion,
the court reasoned that an uncounseled conviction "is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." Carrion,84 Ohio App.3d at 31, 616 N.E.2d at 263-264. (Citation omitted.) The Carrion court determined that a defendant who is afforded the right to counsel but rejects that right has not suffered an uncounseled conviction.
In this case, the evidence established that Vales pleaded no contest to a charge of domestic violence in 1989 and was not represented by counsel. However, the state produced a "statement of rights" form signed by Vales which revealed that he was advised of his right to retain counsel, his right to a reasonable continuance to secure counsel, and his right to have counsel assigned to him without cost if he is unable to employ counsel. By signing the form, Vales averred that he knowingly, voluntarily and intelligently entered a plea of no contest to the charge and waived his right to counsel.
In Carrion, the court found that a written waiver of counsel is presumed to be proper absent any evidence that it is faulty.Carrion, 84 Ohio App.3d at 31, 616 N.E.2d at 264. In this case, Vales failed to present any evidence that his waiver was not voluntarily and intelligently made. Therefore, we must presume its validity. Therefore, Vales' prior conviction was properly used to enhance his sentence in the case before us. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ PATRICIA ANN BLACKMON JUDGE
 TERRENCE O'DONNELL, P.J., and ANN KILBANE, J., CONCUR.