OPINION
Defendant-appellant Dale C. Johnson appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of driving while under the influence, in violation of R.C.4511.19(A)(1) and/or (4), a felony of the fourth degree.
 STATEMENT OF THE FACTS AND CASE
On July 7, 1999, the Stark County Grand Jury indicted appellant on one count of driving under the influence (hereinafter DUI) in violation of R.C. 4511.19(A)(1) and/or (4), a felony in the fourth degree.[1] At an arraignment held on July 16, 1999, appellant pled not guilty.
On August 5, 1999, appellant filed a Motion to Exclude or Suppress one of appellant's prior convictions under R.C. 4511.19. On August 24, 1999, the State filed a response to appellant's motion to suppress.
A hearing on appellant's motion was held on September 1, 1999. At that hearing, the parties stipulated that a prior conviction, entered on April 24, 1995, was entered without appellant being represented by counsel. The parties further stipulated that had the State presented witnesses, they would have presented the Judge who presided over the prior plea and conviction. The parties stipulated that the Judge would have testified that while he could not recall this particular defendant, it was his normal arraignment procedure to go through the arraignment court form[2] which listed Criminal Rule 10 and 11 rights, and an "Explanation of Rights With a DUI" form.[3] The State filed copies of these forms as attachments to the response to the Motion to Suppress. Both of these forms bore appellant's signature.
Lastly, the parties stipulated that there was no recorded record of the prior arraignment or plea hearing available to the State of Ohio or to defense counsel because the arraignment and plea were held more than four years ago and the municipal court did not retain those records.
On September 20, 1999, the trial court denied appellant's Motion to Exclude or Suppress. Thereafter, on September 29, 1999, appellant withdrew his former plea of not guilty, and with the consent of the court, entered a plea of no contest.[4]
Appellant was sentenced to sixty days in the Stark County Jail, his driver's license was suspended for a period of three years, the mandatory $750.00 fine was waived based on appellant's indigency and appellant was assessed six points on his driving record.[5]
It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT WHEN IT DENIED HIS MOTION TO EXCLUDE EVIDENCE OF A PRIOR UNCOUNSELED CONVICTION.
 I
In the case sub judice, Johnson argues that his prior plea was uncounseled, and therefore could not be used for enhancement purposes. Therefore, he argues his pending charge of felony DUI should have been a misdemeanor rather than a felony.[6] We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. As the United States Supreme Court held in Ornelasv. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
We agree with appellant that an uncounseled conviction cannot be used to enhance a later conviction and sentence. Baldasar v.Illinois (1980), 446 U.S. 222, overruled on other grounds, Nicholsv. U.S. (1994), 511 U.S. 738. The term "counseled" means that either the offender was represented by counsel or expressly waived that right. State v. Carrion, 84 Ohio App.3d 27, 31,616 N.E.2d 261; State v. Barnett (Sept. 24, 1998), Tuscarawas App. No. 97AP120085, unreported, 1998 WL 667876. A waiver of counsel must be made knowingly, intelligently and voluntarily. Id.
"Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary to establish a prima-facie
showing of constitutional infirmity." State v. Brandon (1989),45 Ohio St.3d 85, syllabus. If the defendant raises the issue with sufficient evidence, the burden shifts to the State so as to require the State to prove that the defendant had representation or knowingly, voluntarily or intelligently waived his right to counsel. See Brandon, supra. The defendant's burden is "hardly difficult". Brandon, 45 Ohio St.3d at 88. In Brandon, the Ohio Supreme Court declared that the defendant need only testify that his prior conviction was "uncounseled". Id.
However, appellant did not meet his burden. Appellant presented no evidence of an uncounseled plea with his Motion. At the hearing, the parties stipulated that appellant did not have legal representation regarding the prior conviction. The parties did not stipulate that the plea was "uncounseled" and there was no stipulation as to whether appellant knowingly, voluntarily or intelligently waived his right to counsel. Therefore, appellant presented no evidence that his plea was not entered pursuant to a constitutionally valid waiver of his rights.[7]
Since appellant presented no evidence that he did not knowingly, voluntarily or intelligently waive his right to counsel, we find that appellant failed to present a prima facie
showing that his prior plea was "uncounseled." Therefore, the burden never shifted to the
State to present evidence that the prior plea was counseled.
Appellant's sole assignment of error is overruled.
By Edwards, J., Hoffman, P.J. and Reader, V. J. concurs
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs waived.
[1] The DUI conviction at issue occurred on May 14, 1999, and was appellant's fourth conviction for DUI. If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine . . . or a municipal ordinance of a municipal corporation located in any other state that is substantially similar to division (A) or (B) of section 4511.19 of the Revised Code, . . . the offender is guilty of a felony of the fourth degree. . . .
[2] The Arraignment Form signed by Johnson on April 24, 1999, stated the following, in relevant part:
 You have the right to retain an attorney, even if you intend to plead guilty, and you have the right to a reasonable continuance to secure an attorney.
 You have the right to have an attorney assigned to you without cost, if you are unable to employ an attorney on your own. . . .
 If you have any doubts about your rights, be sure to ask when your case is called . . . .
I have read these rights and fully understand them.
[3] The Explanation of Rights For DUI form stated the following:
 You have been charged with Driving Under the Influence of Alcohol and/or Drugs. Before you enter a plea, please know that each time you are convicted of DUI the penalty is enhanced or increases in severity. The penalties for DUI are as follows: . . . . [omitted]
 You also have the right to speak with a lawyer before you enter a plea. If you cannot afford a lawyer the court will appoint one for you. If you wish a continuance to retain your own attorney the court will grant a continuance for that reason.
 I have read the above explanation of the increased penalties for a DUI and understand the result if I plead guilty or no contest to the charge of DUI.
 LI also waive or give up my right to speak with a lawyer before I enter a plea.
[4] Appellants change of plea was journalized by Judgment Entry on October 4, 1999.
[5] With the exception of the driver's license suspension, the trial court stayed the execution of sentence pending the outcome of this appeal.
[6] The DUI conviction at issue occurred on May 14, 1999, and was appellant's fourth conviction for DUI.
[7] In fact, the only evidence introduced regarding whether appellant waived or did not waive his right to counsel was introduced by the State and showed that appellant was aware of his rights and knowingly, voluntarily and intelligently waived his right to counsel. See Explanation of Rights for DUI and Arraignment Form, supra, at fn. 2 and 3.