OPINION
Defendant-appellant, Harold Lorton III, appeals his conviction in the Butler County Area III court for speeding in violation of R.C. 4511.21.
On February 20, 2000, appellant was issued a traffic citation for driving fifty-three m.p.h. in a thirty-five m.p.h. zone. Appellant was found guilty of speeding after a bench trial on April 10, 2000. At trial, appellant and the police officer who issued the ticket presented differing accounts of the incident. The police officer testified that at about 8:00 p.m. he noticed appellant travelling at what appeared to be a high rate of speed on Route 42. The officer estimated the vehicle's speed to be above the legal limit. While the vehicle was between North Pisgah and Dimmick Road, the officer activated his radar, which indicated the vehicle's speed at fifty-three m.p.h. The officer testified that he turned on his emergency lights, did a u-turn, and followed the vehicle. The officer pulled the vehicle over as it made a left turn onto Iris Drive from Dimmick Road. The officer testified that after noticing the vehicle's high rate of speed, he never lost sight of the vehicle.
Appellant testified that he made a purchase at the Kroger store on Fields Ertel Road, drove north on Route 42, then turned right on Dimmick Road. According to his testimony, he was travelling in the opposite direction on Route 42 and turned right onto Dimmick, not left as the officer testified. Appellant testified that while travelling on Dimmick, the officer's car came up behind him when he was about halfway to Iris Drive. He stated that the officer turned on his lights and pulled him over as he turned onto Iris Drive. At trial, appellant presented a signed Kroger receipt, which was time stamped at 7:55, to support his testimony that he turned onto Route 42 and then Dimmick Road, and was travelling in a different direction from where the officer first noticed the speeding vehicle.
The trial court noted that the officer testified that he never lost sight of the car he observed speeding. The court then found appellant guilty of speeding and fined only court costs. Appellant appeals his conviction for speeding and raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND LORTON GUILTY OF SPEEDING, BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY SUCH A FINDING.
Assignment of Error No. 2:
 DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
Assignment of Error No. 3:
 THE APPELLANT'S CONVICTION FOR SPEEDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant's first assignment of error challenges the sufficiency of the evidence to establish that a speeding violation occurred. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Id.
Appellant argues that there was insufficient evidence to convict him of speeding under either of the two methods provided in the Ohio Revised Code. He argues that there was no evidence regarding the posted speed limit to convict him pursuant to R.C. 4511.21(B) or (C), nor was there evidence of the road and traffic conditions to convict him pursuant to R.C. 4511.21(A).
A review of the record shows that the officer's testimony was sufficient to establish that appellant exceeded the posted speed limit. The officer testified that he had received training in estimating speeds. He stated that he observed appellant travelling at a high rate of speed and that in his opinion appellant was travelling over the posted speed limit. This court has previously held that "an arresting officer's independent observation and opinion that a driver was exceeding the posted speed limit is admissible and sufficient to sustain a conviction for speeding." State v. Rafter (Nov. 5, 1990), Butler App. No. CA99-05-091, unreported, at 2. Because there was sufficient evidence to convict appellant of speeding, the first assignment of error is overruled.
In his second assignment of error, appellant argues that his trial counsel was ineffective in three areas. To decide appellant's claim of ineffective assistance of counsel, we must apply the two-tier test ofStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, appellant must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellant must show that he was prejudiced as a result of counsel's actions. Id. at 689. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. A strong presumption exists that licensed attorneys are competent, and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
Appellant first argues that his trial counsel was ineffective by failing to move to dismiss pursuant to Crim.R. 29 at the close of the state's case. Appellant argues that the motion would have been granted because the state failed to present evidence regarding the posted speed limit. We have already determined that the evidence presented by the state was sufficient to establish this element. Appellant's trial counsel was not ineffective for failing to move to dismiss.
Appellant next argues that his trial counsel was ineffective by not requesting a continuance so that the officer could obtain the records of any other tickets he had issued that evening. Appellant testified that as he turned right onto Dimmick Road from Route 42, he observed a police car stopped with its lights flashing further ahead on Route 42. He testified that he does not know if it was the same officer who pulled him over, stating "[t]hat's why we subpoenaed his book to find out where he was for the previous ticket."
However, appellant has failed to argue what relevance this information would have to the outcome of his case. It is wholly speculative what this information would add to appellant's defense. This court has previously held that "[t]here is no duty on the part of defense counsel to unnecessarily delay a trial by requesting a continuance to search for evidence, the existence of which is based upon pure conjecture." Statev. Henize (Nov. 1, 1999), Brown App. No. CA99-04-008, unreported, at 20, quoting State v. McVay (Apr. 20, 1984), 1984 Ohio App. Lexis 9243, at *4-5, Lucas App. No. L-83-408, unreported. Accordingly, we find that counsel's decision not to request a continuance did not constitute deficient performance and did not prejudice appellant.
Appellant argues that the third manner in which his trial counsel was ineffective was by failing to provide testimony to allow him to argue that appellant would not have had time to make a purchase at the Kroger store, drive up Route 42 to the Cox Road area, turn around and begin speeding toward Dimmick Road on Route 42 where the officer stated that he noticed the car. Appellant also contends that trial counsel was ineffective by failing to ask the officer if there would have been time for appellant to travel this route and by failing to introduce a map into evidence. The court stated that it "had no idea as to the distance that we are talking about and to convert it into miles per hour and time."
Trial tactics of defense counsel generally are not enough to give rise to a claim of ineffective assistance of counsel. State v. Carrion
(1992), 84 Ohio App.3d 27, 32. Although additional evidence may have helped to clarify appellant's testimony, appellant has not established that there is a reasonable probability that the result of the trial would have been different with evidence of times and distances and by introducing a map into evidence. The case ultimately turned on the credibility of the witnesses and the court found the officer's testimony more credible. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that his conviction was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. Thus, an appellate court must not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court. Id. If the evidence is susceptible to more than one interpretation, the appellate court must interpret it consistently with the judgment of the trial court. Id.
As mentioned above, this case ultimately turned on a question of credibility. The evidence presented by each side directly contradicted the testimony of the other. The officer steadfastly testified that he never lost sight of the vehicle that he observed speeding and that he was sure that it was appellant's vehicle. On the other hand, appellant maintained that he was coming from the opposite direction and was not travelling the stretch of road where the officer first observed the speeding vehicle.
This question of credibility was an issue to be resolved by the fact finder. We cannot say that the trial court clearly lost its way in its resolution of these issues of fact and credibility. Appellant's third assignment of error is overruled.
Judgment affirmed.
 ______________ YOUNG, P.J.
VALEN, J., concurs.
WALSH, J., dissents without written opinion.