JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals the trial court's decision granting defendant-appellee John Skala's motion to strike. For the reasons below, we affirm the trial court's decision.
{¶ 2} On December 21, 2000, Skala was indicted for one count of driving under the influence in violation of R.C. 4511.19(A)(1). The indictment also alleged that Skala had three prior DUI convictions at the time of the offense. The dates of the alleged prior convictions were February 21 and September 20, 1996 in Berea Municipal Court, and March 29, 1996 in Elyria Municipal Court. The indictment alleges no sentence of imprisonment was imposed for the September 1996 conviction.
{¶ 3} On August 27, 2001, Skala filed a motion to strike the September 1996 conviction from the indictment. Skala maintained that it was improper to use the September 1996 conviction to enhance his sentence because the conviction was uncounseled and resulted in a sentence of incarceration. After the motion was filed, the trial court reviewed the briefs submitted by the parties and a videotape of the September 1996 plea. The trial court granted Skala's motion to strike, finding that it was questionable whether Skala knowingly and voluntarily waived his right to an attorney, and because the indictment said that no prison term was imposed when the record showed that he served a prison term as a result of the conviction. The trial court stayed the matter pending the appeal of its decision.
{¶ 4} The State raises the following assignment of error on appeal:
{¶ 5} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO STRIKE PRIOR DUI CONVICTION FROM THE INDICTMENT.
{¶ 6} If a defendant has three prior DUI convictions within six years of the current offense, the current DUI violation is enhanced from a first degree misdemeanor to a fourth degree felony. See R.C.4511.99(A)(4)(a)(i). Thus, by striking the September 1996 conviction, the trial court has rendered it impossible for Skala to be convicted of a fourth degree felony for the current offense.
{¶ 7} State's Right to Appeal
{¶ 8} R.C. 2945.67 provides:
{¶ 9} (A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, * * *, and may appeal by leave of the court * * * any other decision, except the final verdict, of the trial court in a criminal case * * *.
{¶ 10} We agree with the Twelfth District appellate court which "interpret[ed] R.C. 2945.67 as giving the prosecutor a right to appeal the dismissal of all or part of an indictment when such dismissal concerns the substantive elements of the charged offense." State v. Cook
(1987), 35 Ohio App.3d 20.
{¶ 11} The September 1996 conviction transformed the charge against Skala from a misdemeanor to a felony. Where the existence of a prior conviction enhances the degree of a subsequent offense, it is an essential element of that offense that the state must prove beyond a reasonable doubt. State v. Arnold (Jan. 24, 2002), Cuyahoga App. No. 79280, citing, State v. Nievas (1997), 121 Ohio App.3d 451; see also,State v. Allen (1987), 29 Ohio St.3d 53, citing, State v. Gordon (1971),28 Ohio St.2d 45.
{¶ 12} Thus, by striking the prior conviction, the court's action affected an essential element of the charge. Accordingly, the prosecution appealed the trial court's decision, as a matter of right, pursuant to Crim.R. 12(K) and R.C. 2945.67. See State v. Bertram, 80 St.3d 281, 285, 1997-Ohio-114; State v. Melms (1999), 131 Ohio App.3d 246.
{¶ 13} Analysis of State's Claim
{¶ 14} A defendant whose current offense is being enhanced due to a prior conviction may attack that prior conviction within the proceedings of the current offense only if the attack concerns a violation of the right to counsel. State v. O'Neill, 140 Ohio App.3d 48, 2000-Ohio-2656, citing, Custis v. U.S. (1994), 511 U.S. 485, 487, 128 L.Ed.2d 517,114 S.Ct. 1732.
{¶ 15} Here, Skala maintains that his Sixth Amendment right to counsel was violated at the September 1996 hearing because he was not represented by counsel. The State concedes that Skala did not have an attorney at his plea hearing; however, it maintains that he knowingly waived his right to counsel. Thus, the State argues that it is proper to use Skala's September 1996 conviction to enhance his current sentence.
{¶ 16} Because Skala's misdemeanor conviction resulted in a term of imprisonment, the main issue at hand is whether Skala knowingly waived his right to counsel. Absent a valid waiver, no person may be imprisoned for any offense whether a misdemeanor or a felony unless represented by trial counsel. State v. O'Neill, 140 Ohio App.3d 48, citing, Argersingerv. Hamlin (1972), 407 U.S. 25, 37, 32 L.Ed.2d 530, 92 S.Ct. 2006; Scottv. Illinois (1979), 440 U.S. 367, 374, 59 L.Ed.2d 383, 99 S.Ct. 1158.
{¶ 17} A prior uncounseled misdemeanor conviction is not valid under Scott when a prison term is imposed, and thus, it may not be used to enhance a subsequent conviction. Nichols v. U.S. (1994),511 U.S. 738, 749, 128 L.Ed.2d 745, 114 S.Ct. 1921.
{¶ 18} Applying Scott and Nichols to a situation similar to the issue at hand, the O'Neill court held that:
{¶ 19} Where an indigent misdemeanor defendant is not advised of his right to or provided with counsel, the court may not sentence that defendant to incarceration. * * * Where a court acts contrary to this rule, there is a violation of Scott. Pursuant to Nichols,
such a violation precludes later courts from using the past conviction to enhance a current offense from a misdemeanor to a felony.
{¶ 20} Although Skala was not represented by an attorney at his September 1996 plea hearing, he may not have been "uncounseled."
{¶ 21} An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." State v. Vales (Feb. 24, 2000), Cuyahoga App. No. 75653, citing, State v. Carrion (1992), 84 Ohio App.3d 27, 31,616 N.E.2d at 263-264. A defendant who is afforded the right to counsel but rejects that right has not suffered an uncounseled conviction. Id.
{¶ 22} Strict compliance with the criminal rules regarding waiver of counsel is required when the case involves a direct appeal from an uncounseled criminal conviction. See Vales.
{¶ 23} However, as the Ohio Supreme Court held in State v. Brandon,
(1989) 45 Ohio St.3d 85:
{¶ 24} Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.
{¶ 25} Because of this presumption of regularity, there is a distinction between a direct appeal of a conviction and an appeal from the State's use of a prior conviction to enhance a sentence. See Vales. Applying this standard, the Vales court held that a written waiver was sufficient, without proof that the waiver was made in open court and recorded as required by Crim.R. 22 and 44.
{¶ 26} Conversely, in the instant matter, Skala's alleged waiver of counsel was recorded on videotape. A review of the videotape of the September 1996 plea hearing reveals that the court recited the constitutional rights, including the right to counsel, and then, after discussing the charge and possible penalties, the following exchange occurred:
{¶ 27} Court: Is it your intention to proceed today without a lawyer?
{¶ 28} Skala: Yes.
{¶ 29} The court made no inquiry regarding Skala's ability to afford an attorney or the possibility of continuing the pretrial for Skala to consult an attorney.
{¶ 30} In order to establish an effective waiver of counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and relinquishes that right. Statev. Carrion, 84 Ohio App.3d 27, 31. Because the record in this case fails to establish that Skala made a knowing and intelligent waiver of his right to counsel, we agree with the trial court's decision to strike the prior conviction.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and JAMES D. SWEENEY, J. CONCUR