JOURNAL ENTRY AND OPINION
{¶ 1} Robert Rockburn appeals following his plea of no contest to the charge of driving under the influence of alcohol with specifications of three prior D.U.I. convictions.
 {¶ 2} On appeal, he claims that the trial court erred in denying his motion to dismiss the third specification, a previous D.U.I. conviction in the Mayor's Court of Valley View, Ohio, because he presented unrebutted evidence that he did not knowingly, voluntarily, and intelligently waive his right to counsel in that case. He further argues that the trial court erred in finding him guilty of a fourth degree felony because the state failed to present any evidence of the three prior D.U.I convictions.
 {¶ 3} After careful review of the record, we have determined that Rockburn presented unrebutted evidence that he was not afforded his right to counsel in the Valley View case, and therefore, the court erred in finding him guilty of a felony. Accordingly, we reverse the judgment of conviction and remand this matter for further proceedings consistent with this opinion.
 {¶ 4} The record before us reveals that, on June 11, 2001, a grand jury indicted Rockburn for driving under the influence of alcohol with specifications of three prior D.U.I. convictions, to wit, January 26, 2000, in the Cleveland Municipal Court; January 5, 1999, in the Cleveland Municipal Court; and January 12, 1995, in the Valley View Mayor's Court.
 {¶ 5} On August 21, 2001, Rockburn filed a motion to dismiss the specification of the Valley View Mayor's Court conviction. In support of his motion, he submitted his affidavit, stating in part, "* * * I was not afforded the right to legal counsel nor did I knowingly, voluntarily and intelligently waive said right." The state did not file a brief in opposition to this motion or otherwise rebut his allegations, and the court, although it stated that it intended to deny the motion, never journalized a ruling on this motion.
 {¶ 6} Thereafter, Rockburn entered a plea of no contest to the indictment containing specifications of the three prior D.U.I. convictions, elevating the D.U.I. charge to a felony of the fourth degree. On January 29, 2002, the court sentenced him to a 24-month prison term, forfeited his Ford Taurus automobile, ordered him to pay court costs, and suspended his driver's license for life.
 {¶ 7} Rockburn now appeals and raises two assignments of error for our review. The first states:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO DISMISS SPECIFICATIONS OF THE INDICTMENT."
 {¶ 9} Rockburn argues that the trial court should have granted his unopposed motion to dismiss the third specification, which involved a previous D.U.I. conviction in Valley View Mayor's court, because he presented unrebutted evidence that he did not knowingly, voluntarily, and intelligently waive his right to counsel in that case. He further argues that the trial court erred in accepting his no contest plea and finding him guilty of a felony because the state failed to present any evidence on the three prior D.U.I cases.
 {¶ 10} R.C. 4511.99 establishes penalties for D.U.I. cases based on the offender's prior convictions; pursuant to R.C. 4511.99(A)(4)(a), if, within six years of the underlying offense, an offender has been convicted of or pleaded guilty to three or more D.U.I. violations, the offense is a felony of the fourth degree. Here, however, Rockburn challenges one of the three prior convictions claiming he did not waive his right to counsel in the Valley View case.
 {¶ 11} In State v. Maynard (1987), 38 Ohio App.3d 50, 52-53,526 N.E.2d 316, we stated:
 {¶ 12} "As we said in McKinley, an uncounseled conviction cannot ordinarily serve to enhance the penalty for a later conviction. SeeUnited States v. Tucker (1972), 404 U.S. 443, 447-448. Further, a silent record cannot establish that the defendant waived his right to counsel.Boykin v. Alabama (1969), 395 U.S. 238, 242.
 {¶ 13} "However, the defendant has the burden of challenging an apparently constitutional prior conviction with some evidence that he was not afforded his right to counsel. Cf. Robards v. Rees (C.A.6, 1986),789 F.2d 379, 385-386; State v. Wang (Jan. 25, 1984), Hamilton App. No. C-830287, unreported, at 6-7; State v. Roundtree (June 16, 1983), Cuyahoga App. Nos. 45683, 45755 and 45756, unreported, at 14-16. If thedefendant raises that issue with some evidence, the state has the burdenof proving the constitutional validity of the prior conviction. A silent record will not satisfy the state's burden of proof. Id. (Emphasis added.)"
 {¶ 14} Similarly, in State v. Vales (Feb. 24, 2000), Cuyahoga App. No. 75653, we stated:
 {¶ 15} "However, when challenging a prior conviction, a defendant must present prima facie evidence of a constitutional violation.Brandon, 45 Ohio St.3d at 86, 543 N.E.2d at 503. See also, State v.Adams (1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1363. Once such a prima facie showing is made, the burden shifts to the state to prove that the defendant was afforded his right to counsel. State v. Conley (Nov. 4, 1997), Scioto App. No. 97CA2481, unreported, citing State v. Maynard
(1987), 38 Ohio App.3d 50, 52-53, 526 N.E.2d 316, 319. If the state shows that the defendant knowingly, voluntarily and intelligently waived his right to counsel, the defendant's conviction will not be deemed an uncounseled conviction. Conley, citing State v. Carrion (1992),84 Ohio App.3d 27, 31, 616 N.E.2d 261, 264; State v. Hayes (July 25, 1997), Meigs App. No. 96CA23, unreported."
 {¶ 16} Here, Rockburn attached an affidavit to his motion to dismiss the specification for the Valley View D.U.I. conviction, stating in part, "* * * I was not afforded the right to legal counsel nor did I knowingly, voluntarily and intelligently waive said right." This affidavit constitutes prima facie evidence of an uncounseled conviction in that court, which shifts the burden to the state to prove its validity. The state failed to file a brief in opposition to Rockburn's motion or otherwise challenge his contentions at the plea hearing.
 {¶ 17} In this case, the state alleged in its indictment that Rockburn either had counsel or waived counsel in the Valley View case; we recognize that, pursuant to Crim.R. 11(B)(2), a plea of no contest is an admission of the truth of the facts alleged in an indictment. Nevertheless, Crim.R. 12(I) provides that a no contest plea does not preclude a defendant from asserting upon appeal that the trial court erred in ruling on a pretrial motion.
 {¶ 18} In this case, Rockburn filed such a pretrial motion to dismiss the Valley View specification. The transcript of the plea hearing reveals that the court intended to deny this motion, but neither the docket nor the record contains any journalization of that entry. However, it is well established that if a court fails to rule on a motion, that motion is presumed to be denied. See, e.g., State ex rel. VCos. v. Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198. Therefore, pursuant to Crim.R. 12(I), Rockburn can appeal from the denial of his pretrial motion to dismiss the Valley View specification even though he entered a no contest plea.
 {¶ 19} Based on the foregoing, the trial court erred in finding Rockburn guilty of a fourth degree felony. On remand, because Rockburn has alleged his Valley View plea was uncounseled, the state must prove the validity of that conviction; otherwise, the court must dismiss that specification. Accordingly, his first assignment of error is well taken, and we therefore reverse the judgment of conviction and remand this matter for further proceedings.
 {¶ 20} Rockburn's second assignment of error states:
 {¶ 21} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ACCEPTING APPELLANT'S CHANGE OF PLEA TO NO CONTEST ON THE CHARGE OF FELONY D.U.I. IN THE ABSENCE OF EVIDENCE OF THREE PRIOR D.U.I. CONVICTIONS."
 {¶ 22} Our disposition of Rockburn's first assignment of error renders his second argument moot, and pursuant to App.R. 12(A)(1)(c), we decline to address it.
Judgment reversed. Matter remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., concurs, COLLEEN CONWAY COONEY, J., dissents(with separate dissenting opinion).
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).