THE STATE OF OHIO *v.* STEWART.

[Cite as State v. Stewart (1973), 37 Ohio Misc. 112.]

(No. MTR73-36039—Decided November 9, 1973.)

Municipal Court of Toledo.

*Mr. Charles A. Stupsker* and *Mr. Ralph J. Lewis,* for plaintiff.
*Mr. Morris J. Britz,* for defendant.

DEEDS, J. Motion for discharge of the defendant at the close of the evidence after the parties had rested.

The defendant pleaded not guilty and did not testify at the trial on a charge of operating a motor vehicle while under the influence of alcohol in violation of R. C. 4511.19.

The prosecution introduced evidence showing that on July 21, 1973, at night, the defendant operated an automobile to the left of the center of a public street at an intersecting street, resulting in a collision with another automobile then making a left hand turn into the intersecting street; police officers arrived at the scene of the collision and questioned the defendant concerning the collision and other pertinent matters in reference to the occurrence.

The officers testified that from their observation of the defendant they concluded that the defendant was under the influence of alcohol and as a result arrested the defendant and transported him to the Toledo Police Station.

The officers testified that the defendant was requested to take a breathalyzer test and was advised that if he refused to take the test his driver's license would be suspended for six months and that the defendant refused to take the test. There was no testimony that the defendant was shown the form prescribed by the Registrar of Motor Vehicles or that the form was read to the defendant in the presence "of the arresting officer and one other police officer or civilian police employee" as required by R. C. 4511.191.

Following is the relevant part of the form prescribed by the Registrar of Motor Vehicles as provided by the Legislature:

"You are now under arrest for driving a motor vehicle

while under the influence of alcohol and will be requested by a police officer to submit to the chemical test designated by the law enforcement agency. If you refuse to submit to the chemical test requested, the Registrar of Motor Vehicles, upon being so notified, in the manner required by law, shall suspend your license, or permit to drive, or any nonresident operating privilege for a period of six months, subject to review as provided; or, if you are a resident without a license or permit to operate a motor vehicle in this state, to deny you the issuance of a license or permit for a period of six months after the date of this alleged violation.''

The two arresting police officers testified that in their opinion the defendant was under the influence of alcohol when they questioned him at the scene of the collision. The officers also testified as to the appearance and actions of the defendant which indicated and impressed them that the defendant was under the influence of alcohol.

The question presented is whether the prosecution in the criminal proceedings was required to prove by testimony that the form prescribed by the Registrar of Motor Vehicles was shown and read to the defendant in the presence of ''the arresting officer and one other police officer or civilian police employee''? Was the evidence that the defendant was under the influence of alcohol; that he was requested to take the breathalyzer test and was warned that his license would be suspended for a period of six months if he refused and that he refused to take the test, sufficient to require the court to determine the guilt or innocence of the defendant? Notwithstanding, the evidence failed to show that the form prescribed by the Registrar of Motor Vehicles was shown and read to the defendant in the presence of witnesses as required by R. C. 4511.191.

The provisions of R. C. 4511.191 considered pertinent to a resolution of the question are:

'''(A) Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic con-

tent of his blood if arrested for the offense of driving while under the influence of alcohol. The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.''

''(C) Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section. *The advice shall be in a written form prescribed by the registrar of motor vehicles and shall be read to such person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee.* Such witnesses shall certify to this fact by signing the form. [Emphasis added.]

''(D) If a person under arrest for the offense of driving a motor vehicle while under the influence of alcohol refuses upon the request of a police officer to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section, *after first having been advised of the consequences of his refusal as* provided in division (C).'' (Emphasis added.)

The pertinent provisions of R. C. 4511.19 are:

''(C) *If there was at the time a concentration of five hundredths of one per cent or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of alcohol.*

''*Upon the request of the person who was tested, the results of such test shall be made available to him, his attorney, or agent, immediately upon the completion of the test analysis.*'' (Emphasis added.)

It is considered evident by the court that Section 4511.-191 and Section 4511.19, R. C., are to be considered as being in pari materia in the prosecution of a defendant for oper-

ating a motor vehicle while under the influence of alcohol. *Couch* v. *Rice*, 23 Ohio App. 2d 160.

It is also made evident by provisions of the law that the result of the test may be highly beneficial to the defendant in his defense against the charge.

The breathalyzer test was designed and the legislature has provided for its use for the purpose of securing evidence of a scientific nature in the trial of a defendant charged with operating a motor vehicle while under the influence of alcohol.

It is obvious and should be emphasized that the test was not designed and provided for the exclusive use and benefit of the prosecution, consequently, the test should be presented to the arrested driver for taking or refusal in the manner provided by the legislature.

Can it be said that the defendant has been accorded a fair trial if the defendant has been deprived of the result of a breathalyzer test by reason of the failure of the prosecution to offer the test to the alleged offender for taking or refusing same in the manner required by the law?

The Legislature has provided, *inter alia*, "that any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit." and further provides for the definite form and manner in which that advice shall be given to the arrested driver. The Legislature has not left to the police agency the right to choose the manner and form in which it may advise the driver with respect to a refusal to submit to a breathalyzer test, but to the contrary has provided for the use of a prepared form as the required manner by which all arrested drivers shall be advised.

The defendant did not testify at the trial, but rested at the close of the case for the prosecution, as indicated above, consequently, there was no competent proof that the defendant had been advised of his rights with respect to his refusal to take the breathalyzer test as required by the law.

. Since the law required the police agency to offer the

test to the defendant and also required that the defendant be advised of his rights with respect to his refusal to submit to the test, clearly, the burden was upon the prosecution to show by evidence that the mandatory requirements of the law were followed.

The Supreme Court, in *Hoban* v. *Rice*, 25 Ohio St. 2d 111, has held that the proceedings for a review of the action of the Registrar of Motor Vehicles in suspending the license of a driver for refusing to take the test is a civil proceeding and is separate from the prosecution in the criminal action for the operation of a motor vehicle while under the influence of alcohol.

It is contended, in effect, by the prosecution, that the holding of the Supreme Court that the petition and proceedings for a review are civil and separate from the criminal prosecution, the prosecution is relieved from the burden of showing in the criminal prosecution that the driver was advised of his rights with respect to his refusal to submit to the test.

The contention is to the effect that while the agency is required to give the advice to the driver before the Registrar can order a suspension of his license, it is not required that it be shown by evidence in the criminal prosecution that the driver was advised in the manner as required by the law.

This contention ignores the requirement of the law that the test be presented "to any person arrested for the offense * * *"; that the result of the test is to be used as evidence in the criminal prosecution for the benefit of either the prosecution or the defendant and that the Legislature has provided for no exceptions to the requirement that the driver be advised in the manner required by the law. Clearly, the Legislature did not provide that the requirement for advising the driver of his rights should apply, only, in the proceedings for a review of the license suspension and not with respect to the criminal prosecution. The court is without authority to legislate that the requirement for advising the driver in the manner provided can be ignored and not be applied and given effect in the criminal prosecu-

tion. See: *Hoban* v. *Rice, supra* (25 Ohio St. 2d 54).

In the case of the *State* v. *Bridenthal*, 32 Ohio App. 2d 130, which involved a defendant in a criminal prosecution for driving while under the influence of alcohol, the first paragraph of the syllabus is as follows:

"The requirement in R. C. 4511.191 (C), that witnesses to the fact that the written form setting forth the consequences of a refusal to submit to the chemical test provided by statute has been read to the alleged offender in the presence of the proper officers are necessary, applies only where there is a refusal to take the designated test."

As stated above the defendant refused to take the test in the case before the court.

The court finds that the prosecution failed to show by evidence that the defendant was advised as required by law and for such failure defendant's motion for dismissal should be granted. Motion is granted and the defendant is discharged.

*Motion granted and defendant discharged.*