**The STATE of Ohio, Appellee,**

v.

**O'NEILL, Appellant.**

[Cite as *State v. O'Neill* (2000), 140 Ohio App.3d 48.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 98 JE 36.

Decided Sept. 13, 2000.

*Stephen Stern,* Jefferson County Prosecuting Attorney, and *Costa Mastros,* Assistant Prosecuting Attorney, for appellee.

*Samuel Pate,* for appellant.

VUKOVICH, Judge.

Defendant-appellant Richard O'Neill appeals his felony driving-under-the-influence conviction that was entered upon his plea of no contest in the Jefferson County Court of Common Pleas after appellant's various pretrial motions were denied. For the following reasons, the trial court's decisions on appellant's motions to dismiss and suppress are affirmed, appellant's conviction is reversed on the grounds that the trial court should have granted the motion to strike a prior conviction, and this case is remanded for further proceedings.

### Statement of Facts

On January 18, 1998, an Ohio State Highway Patrol trooper noticed appellant speeding and driving erratically. Upon initiating a traffic stop, the trooper witnessed appellant switch seats with his mother, who had been sitting in the passenger seat. After conversing with appellant and observing his behavior, the trooper placed appellant under arrest for driving under the influence ("DUI"), driving under suspension, improper lane use, and failure to wear a seatbelt. Appellant was transported to the highway patrol barracks, where he allegedly refused to take the breath test.

Appellant's case originated in the Toronto Area Court in Jefferson County but was later bound over to the grand jury. The grand jury issued an indictment against appellant for DUI, which was labeled a felony due to the specification that he had three previous DUI convictions in the past six years. (The indictment also contained charges for the lane, license, and seatbelt violations.) Appellant filed a motion to strike one of his prior DUI convictions from the record in the present case. He argued that the first of the three prior DUIs, the one entered on August 17, 1994 in the Wintersville Mayor's Court, could not be used to enhance his present DUI to a felony because that prior DUI conviction was uncounseled. The state responded by arguing that the past conviction, although uncounseled, could be utilized for enhancement of the present DUI to a felony

pursuant to *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745, because no term of incarceration was imposed after that conviction. On April 13, 1998, the trial court overruled appellant's motion to strike on the basis that the mayor's criminal docket record for appellant's prior DUI contained a space for jail time that was blank.

Appellant then filed a motion for an evidentiary hearing on his motion to strike, as he disputed the contention that no jail time was served on his August 17, 1994 DUI conviction. A hearing was held, the audio transcript of the prior DUI proceeding was played, and post-hearing briefs were submitted. In its July 2, 1998 judgment entry, the trial court once again overruled appellant's motion to strike his prior DUI conviction.

Appellant also filed a motion to dismiss his current DUI case, alleging that BMV Form 2255, relating to refusal to take a breath test, was not properly completed. After a hearing, the court determined that the form was incomplete and void since it was given to appellant prior to being signed by another officer who acted as the witness. Although the court sustained appellant's argument on the form, it denied his accompanying motion to dismiss. In light of this partially favorable decision, appellant motioned for suppression of any evidence, such as testimony, relating to his refusal to take a breath test. However, the court denied this motion.

Based upon the court's decisions on his motions, appellant chose to withdraw his not guilty plea and enter a plea of no contest. By way of its August 26, 1998 judgment entry, the trial court convicted appellant of felony DUI with a specification of three prior convictions in the previous six years. The sentence imposed by the trial court was stayed pending this timely appeal.

### Assignment of Error No. 1

Appellant raises three assignments of error, the first of which alleges:

"The trial court erred to the prejudice of the appellant when it overruled his motion to strike the prior OMVI conviction of August 17, 1994."

The right to be represented by counsel arises from the Sixth Amendment to the United States Constitution and is made applicable to the states through the Fourteenth Amendment. Absent a valid waiver, the state must provide trial counsel to an indigent defendant charged with a felony. *Gideon v. Wainwright* (1963), 372 U.S. 335, 339, 83 S.Ct. 792, 793–794, 9 L.Ed.2d 799, 802. The court expanded this holding by declaring that absent a valid waiver, no person may be imprisoned for any offense whether a misdemeanor or a felony unless represented by trial counsel. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538. The court reasoned that the legal and constitutional

questions are usually complex in cases that lead to imprisonment. *Id.* at 33, 92 S.Ct. at 2010, 32 L.Ed.2d at 536. Thereafter, the court clarified that an indigent defendant charged with a misdemeanor need not be appointed counsel where a term of imprisonment is not imposed. *Scott v. Illinois* (1979), 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383, 389. See, also, Crim.R. 44(B) (reiterating these holdings). The court made explicit in *Scott* what it only implied in *Argersinger,* that a misdemeanor defendant has no constitutional right to court-appointed counsel if the court does not impose a sentence of imprisonment. The court specifically chose actual imprisonment as the line delimiting the constitutional right to appointment of counsel, reasoning that actual imprisonment is a different breed of penalty than fines or the mere threat of imprisonment. *Id.,* 440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.

Similarly, the court has addressed when an uncounseled misdemeanor conviction may be utilized to enhance a subsequent offense. However, the case of *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, which had no majority opinion and instead consisted of three concurring opinions, implied that a prior uncounseled conviction could not be used to enhance a misdemeanor to a felony even if the prior conviction was valid under *Scott.* However, the crux of the concurring opinions in *Baldasar* "ignores the significance of the constitutional validity of [the] first conviction" and inappropriately creates a "hybrid" conviction that is valid in and of itself but invalid for the purpose of enhancing punishment for a subsequent misdemeanor. *Id.,* 446 U.S. at 232, 100 S.Ct. at 1590, 64 L.Ed.2d at 178 (Powell, J., dissenting). Therefore, in the case of *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745, the court overruled the concurring opinions in *Baldasar* and praised the analysis of the dissent. *Id.,* 511 U.S. at 744, 746, 748, 114 S.Ct. at 1926, 1927, 1928, 128 L.Ed.2d at 752–753, 753–754, 755. Under the court's new approach, a prior "uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Id.* at 749, 114 S.Ct. at 1928, 128 L.Ed.2d at 755. Conversely, a prior uncounseled misdemeanor conviction that is not valid under *Scott* because a prison term was imposed may not be used to enhance a subsequent conviction. *Id.*

▮▮ Normally, a past conviction cannot be collaterally attacked within the proceedings of a subsequent case. However, an exception has been carved out where the right to counsel has been violated. See *Nichols.* See, also, *State v. Adams* (1988), 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1362–1363. A defendant whose current offense is being enhanced due to a prior conviction may attack that prior conviction within the proceedings of the current offense only if the attack

concerns a violation of the right to counsel. *Custis v. United States* (1994), 511 U.S. 485, 487, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517, 522–523.

■ In the case at bar, the parties do not dispute that appellant was not advised of his right to counsel and that his prior misdemeanor conviction was uncounseled. The dispute is whether appellant was sentenced to a term of incarceration on his August 17, 1994 DUI in violation of *Scott.* The state concedes that 'if appellant was incarcerated on the uncounseled prior DUI in violation of *Scott,* then that prior conviction was constitutionally infirm and may not be used to enhance his subsequent DUI to a felony pursuant to *Nichols.*

In support of his contention that a term of incarceration was imposed in violation of *Scott,* appellant relies upon the audio recording of the August 17, 1994 proceedings before the Wintersville Mayor's Court. Apparently, appellant was arrested for DUI, failure to yield, and no operator's license on May 29, 1994. After being released, presumably on his own recognizance, it appears that appellant entered the impound lot, took his car without paying the towing fees, and then drove to Louisiana. As a result of these acts, he was charged with fleeing. When he failed to show for his June 1 hearing, a bench warrant was issued for failure to appear on the DUI, the failure to yield, the no operator's license, and the fleeing charges. On August 7, appellant was booked into the Tuscarawas County Jail as a guest for Jefferson County whose jail was in mid-construction. The jail records establish that appellant was in jail on a warrant for his failure to appear on the four aforementioned charges. Appellant was released from jail after posting a $1,100 bail in Wintersville Mayor's Court.

On August 17, 1994, appellant appeared before the mayor and entered pleas to the four charges. He informed the mayor that he had been in jail from Saturday night (August 7) until he posted bond on Monday afternoon. The mayor calculated this time as three days and stated as follows:

"[Y]ou pled guilty * * * on the citation marked 9033 * * * which was the DUI. * * * And I find you guilty and it would be my intention to have you placed in the county jail for that three-day period but I'll certainly go with the time served as the three days. In addition to that three days' jail time, your fine will be $500 * * *."

Based upon this statement, appellant argues that he was sentenced to three days of incarceration for his uncounseled plea to the DUI offense in violation of *Scott.* Appellant states that the fact that a sentence is satisfied with pretrial credit for time served does not result in a loss of the right to counsel under *Scott* 's actual incarceration test.

The state counters that counsel is only required under *Scott* when a defendant is sentenced to actual incarceration that must be served after conviction. The

state also notes that it interprets a portion of the transcript to mean that the jail time was actually served as a result of an arrest warrant issued for the fleeing charge.

The trial court's reasoning in its July 2, 1998 judgment entry overruling appellant's motion to strike was based on two grounds. First, the court stated that the criminal docket for the prior DUI does not contain a jail sentence and that courts speak only through their journal entries. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196. However, appellant presented the criminal docket entries of the other charges for which he was convicted in the mayor's court. The entry for the failure-to-yield charge has $210, $70 per day, for jail costs written on it. The Clerk of the Wintersville Mayor's Court testified in the present case that the entry of the jail costs on the failure-to-yield docket entry was a typographical error and that she should have entered the jail costs on the DUI docket entry. Most importantly, the audio transcript clarifies that the mayor was sentencing appellant to three days in jail on the DUI with credit for time served. The state made no objection to the admission of this transcript. In fact, the state relies on portions of it in support of some of its contentions. In addition, the court allowed the audio transcript to be played and transcribed into the record of this case. Hence, it is illogical to ignore the contents of the transcript that are now part of this record.

We will thus proceed under the theory that the mayor sentenced appellant to the statutorily mandated three consecutive days of imprisonment for a DUI but that appellant was not required to report to confinement because the mayor credited his sentence with the time previously served. This time served occurred before he could post bail on the warrant for failure to appear, which arose, in part, out of the DUI. Pursuant to R.C. 2949.08(B), a defendant is entitled to credit for days confined for any reason arising out of the offense for which the person was convicted and sentenced.

Hence, the question has become whether, under the principles of *Scott*, there is a distinction between a sentence that is fulfilled entirely through credit for time served and a sentence for which the defendant must report to incarceration after conviction. The state and the trial court posit that an uncounseled defendant is not sentenced to actual incarceration in violation of *Scott* when he serves no jail time after conviction due to credit given for time served. The state and the court focus on the fact that appellant's three days of incarceration were not imposed upon him "as a result of an uncounseled conviction." They note that even if counsel had been appointed and even if appellant had been acquitted, he still would have experienced the three days of pretrial confinement.

There appears to be a dearth of case law on this issue. However, the United States Court of Appeals for the Sixth Circuit has disallowed sentence

enhancement based upon a prior uncounseled conviction where the defendant received a one-day sentence that was, satisfied through credit for time served. *United States v. Cook* (C.A.6, 1994), 36 F.3d 1098, unpublished. The result in *Cook* is logical since a holding to the contrary would mean that a court need not ever appoint counsel to a misdemeanor defendant who has pretrial incarceration time that covers the court's sentence of imprisonment. We thus hold that where an indigent misdemeanor defendant is not advised of his right to or provided with counsel, the court may not sentence that defendant to incarceration. This is true even if the defendant need not report to jail due to the credit he is given for time served. Where a court acts contrary to this rule, there is a violation of *Scott.* Pursuant to *Nichols,* such a violation precluded later courts from using the past conviction to enhance a current offense from a misdemeanor to a felony. Therefore, appellant's prior DUI conviction from August 17, 1994 should have been stricken from the proceedings in this case. Accordingly, appellant's first assignment of error has merit.

*Assignment of Error No. 2*

Appellant's second assignment of error reads as follows:

"The trial court erred to the prejudice of the appellant when it overruled his motion to dismiss the charge of OMVI."

During the course of the proceedings in the case at bar, appellant filed a motion to dismiss on the grounds that BMV Form 2255 relating to appellant's refusal to take the breath test was not properly completed. Appellant asserted that the arresting officer failed to follow the dictates of R.C. 4511.191 as related to completion of the form. In particular, the copy of the form that was forwarded to the trial court had not been signed by a witness verifying that the form had been read to appellant. While the trial court determined that the form was void as it was not completed as required by statute, it overruled appellant's motion to dismiss.

In support of his position, appellant relies upon the case of *State v. Stewart* (1973), 37 Ohio Misc. 112, 66 O.O.2d 317, 310 N.E.2d 271, for the proposition that a failure to show that appellant was advised of his right of refusal warrants a dismissal of the DUI charge. However, a review of this 1973 municipal court case reveals that appellant's reliance is misplaced. In *Stewart,* a motion for discharge was made by defendant at the close of the presentation of both parties' cases. The basis for the motion was that the prosecution had failed to provide *any* testimony to support a finding that the arresting officer had informed the defendant of his right to refuse alcohol-related testing. The prosecution did not even present evidence that the form was shown to the defendant. That court determined that the prosecution was required to prove via testimony that

appellant had been informed of this right. Absent such a showing, the defendant was entitled to be discharged.

However, *Stewart* is distinguishable from the case at bar. The trial court in the present case indicated in its entry that the state had presented evidence that a second officer witnessed the reading of the form to appellant but merely failed to sign the form before it was given to appellant or mailed to the court. The state submitted a copy of the form that was on file with the Ohio Bureau of Motor Vehicles and that indicated the officer signed the form before it was placed on file. Testimony of the arresting and witnessing officers was available regarding appellant's refusal. Therefore, the state presented evidence to show that appellant was informed of the ramifications of refusal.

■ Alternatively, it is well settled that the administrative license suspension process is a separate civil action that is unrelated to the criminal case charging appellant with a DUI. *State v. Gustafson* (1996), 76 Ohio St.3d 425, 440, 668 N.E.2d 435, 446; *Ohio Bur. of Motor Vehicles v. Williams* (1994), 97 Ohio App.3d 779, 780, 647 N.E.2d 562, 563. BMV Form 2255 is entitled "Report of Peace Officer/Administrative License Suspension." In addition, the section of the Revised Code relating to the form, R.C. 4511.191, is the section that addresses the administrative license suspension procedure. Merely because the form was not complete for administrative license suspension purposes does not mean that the separate criminal proceeding must be dismissed.

Most importantly, evidence of driving under the influence, besides appellant's refusal, was available for the state to present at trial. For instance, the arresting officer could testify in accordance with his report that appellant was speeding and driving erratically, that he switched seats with his mother, that he smelled strongly of alcohol, and that he nearly fell upon exiting the vehicle. Hence, even if the court had suppressed all evidence of appellant's refusal, dismissal of the DUI charge would not be proper. This leads to appellant's third assignment of error dealing with the issue of suppression.

*Assignment of Error No. 3*

Appellant's third assignment of error provides:

"The trial court erred to the prejudice of the appellant when it overruled his motion to suppress."

■ Our standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. *State v. Winand* (1996), 116 Ohio App.3d 286, 289, 688 N.E.2d 9, 11. " 'In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of

witnesses.' " *State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, 329, quoting *State v. Venham* (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831, 833. The reviewing court then independently determines any legal issues. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143.

■ Once again, appellant relies upon the BMV Form 2255 issue to support his argument for suppression. It is appellant's position that since the form was incomplete, as it was not witnessed until after it was mailed to the court, the court should have suppressed *any* evidence regarding appellant's alleged refusal to submit to breath testing.

As previously mentioned, BMV Form 2255 deals with administrative license suspension proceedings rather than criminal DUI proceedings. *Gustafson,* 76 Ohio St.3d at 440, 668 N.E.2d at 446. A problem with the form may preclude an administrative license suspension under R.C. 4511.191; however, there is no provision in the criminal DUI statute, R.C. 4511.19, requiring this form. See *Bryan v. Hudson* (1997), 77 Ohio St.3d 376, 378, 674 N.E.2d 678, 679 (stating that R.C. 4511.191 arises in the context of an administrative license suspension). Merely because the form did not comply with the statutory mandates under R.C. 4511.191 does not mean that the prosecution is precluded from introducing any evidence on the issue of the refusal in a criminal proceeding. This reasoning has been utilized by many appellate districts. See, *e.g., Akron v. Potts* (Oct. 30, 1996), Summit App. No. 17768, unreported, 1996 WL 625254; *Mansfield v. Ishikawa* (Apr. 25, 1996), Richland App. No. 95–CA–51, unreported, 1996 WL 363772; *State v. Tramonte* (Aug. 27, 1993), Ottawa App. No. 92–OT–050, unreported, 1993 WL 323635. See, also, *State v. Hannon* (Dec. 29, 1995), Hamilton App. Nos. C–950289 and C–950290, unreported, 1995 WL 763677 (citing a multitude of cases from various appellate districts in support of the proposition that an incomplete BMV form or failure to disclose rights of refusal does not preclude the admission of breath-alcohol contents ["BAC"] results in a criminal trial). In fact, these cases allowed admission of unfavorable BAC results, which are much more damaging to a defendant than the mere admission of testimony regarding refusal to submit to a test. It should also be noted that refusal to submit is merely one piece of evidence that the trier of fact is free to consider or disregard in making its decision. *Maumee v. Anistik* (1994), 69 Ohio St.3d 339, 632 N.E.2d 497.

Hence, testimony of the arresting and witnessing officers regarding appellant's alleged refusal is admissible at the criminal trial.[1] The court did not err in

---

1. For instance, at the June 1, 1998 hearing addressing appellant's motion to dismiss, both the arresting officer and the witnessing officer testified that appellant was read and shown BMV

overruling appellant's motion to suppress all evidence regarding his refusal. Accordingly, this assignment of error is overruled.

For the foregoing reasons, the trial court's decisions on appellant's motions to dismiss and suppress are affirmed. However, the court's decision on appellant's motion to strike is reversed. As a result, appellant's conviction of felony DUI is reversed, and the cause is remanded to the Jefferson County Court of Common Pleas with orders to strike appellant's prior DUI conviction of August 17, 1994 from the indictment. This being done, the court shall remand the cause to the Toronto Area Court, where the case originated, for prosecution as a third–offense DUI.

*Judgment accordingly.*

Cox, P.J., and GENE DONOFRIO, J., concur.

Form 2255. The arresting officer also testified that appellant was asked whether he understood what was read to him. A copy of the form was provided to appellant.