OPINION
On February 10, 2000, defendant-appellant, John A. Lamer, was indicted in the Franklin County Court of Common Pleas for operating a motor vehicle while under the influence of alcohol or drugs ("OMVI") in violation of R.C. 4511.19(A)(1). The indictment alleged that defendant had been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B) within six years of the instant offense, thereby elevating the offense to a fourth-degree felony under R.C.4511.99(A)(4)(a). Specifically, the indictment alleged that defendant had been convicted of or pleaded guilty to OMVI in the Franklin County Municipal Court ("municipal court") on October 24, 1995, December 26, 1997 and September 16, 1999.
On July 3, 2000, defendant filed a motion to suppress the September 16, 1999 conviction, alleging that the conviction was constitutionally infirm because the municipal court did not advise him, prior to entering a guilty plea, that a future OMVI charge would result in his being charged with a felony. Specifically, defendant argued that the municipal court's treatment of his third OMVI conviction as a second offense for sentencing purposes "led [him] to believe" that he committed only his second offense, thus allowing him one more OMVI conviction before he could be charged with felony OMVI.[1] Accordingly, defendant maintained that the guilty plea was not knowingly, voluntarily and intelligently made.
After a hearing, the trial court denied the motion to suppress. Defendant entered a no contest plea to the OMVI count charged in the indictment. Thereafter, the state offered the following statement of facts: on November 21, 1999, a Clinton Township police officer stopped defendant after the officer observed defendant driving his vehicle erratically. When defendant exited his vehicle, the officer noted a strong odor of alcohol. The officer administered several field sobriety tests, which defendant failed. Defendant admitted to the officer that he had been drinking alcohol and refused to take a breathalyzer test. The officer then performed a LEADS check, which revealed that defendant had thrice been convicted of OMVI in the past six years. Thereafter, defendant was advised of his rights and transported to jail. As part of its statement of facts, the state recited the case number and date of each of defendant's three prior convictions.[2] Defendant admitted the facts alleged by the state. Thereafter, the trial court found defendant guilty of a fourth-degreefelony OMVI and sentenced him to sixty days in the Franklin County Correction Center and three years of community control. The trial court further suspended defendant's driver's license for three years with work privileges and ordered him to pay a fine of $750.
Defendant has timely appealed his conviction, advancing two assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OF APPELLANT'S THIRD DUI CONVICTION, AS THE CONVICTION IS CONSTITUTIONALLY INFIRM AND SHOULD NOT BE USED TO ENHANCE A SUBSEQUENT DUI CHARGE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT DID NOT EXTEND CRIMINAL RULE 11(E) TO REQUIRE PREVIOUS COURT PLACE APPELLANT ON NOTICE OF FULL CONSE-QUENCES OF PLEA.
By his first assignment of error, defendant contends that the trial court erred in denying his motion to suppress his third OMVI conviction. Specifically, defendant contends that the third OVMI conviction was constitutionally infirm because it resulted from an invalid waiver of his constitutional rights at the September 16, 1999 plea hearing. Accordingly, defendant argues that the conviction cannot be used to enhance the degree of the instant offense.
In the instant case, defendant was charged with a violation of R.C.4511.19(A). R.C. 4511.99(A), which establishes the penalties for such a violation, provides that violation of R.C. 4511.19(A) is a misdemeanor of the first degree except as otherwise provided in divisions (A)(2), (3), or (4). R.C. 4511.99(A)(4)(a) provides that an offender who has been convicted of or pleaded guilty to three or more violations of sections (A) or (B) of R.C. 4511.19, within six years of the offense, is guilty of a felony of the fourth degree.
"Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." State v. Allen (1987), 29 Ohio St.3d 53, syllabus. However, when a prior offense is used to enhance the degree of a subsequent offense, the prior conviction becomes an element of the offense which must be alleged in the indictment and proven beyond a reasonable doubt. State v. Gordon (1971), 28 Ohio St.2d 45, 48. The state may establish a prior conviction by submitting a certified copy of the prior conviction, along with evidence establishing that the defendant was the person previously convicted. See R.C. 2945.75(B). State v. O'Neil (1995),107 Ohio App.3d 557, 559. R.C. 2945.75(B) may be satisfied by a defendant's admission to the prior offense specifications. See State v. Jackson (Sept. 2, 1993), Cuyahoga App. No. 63672, unreported. ("[I]n light of the fact that [defendant] pleaded guilty to grand theft with the prior offense specifications, we find that he admitted the prior convictions.") See, also, State v. Akers (Apr. 4, 1997), Portage App. No. 95-P-0073, unreported. In the instant case, the record reveals that the state did not submit certified copies of defendant's three prior OMVI convictions; however, the state did allege the prior convictions in the indictment and incorporated them into its statement of facts. Defendant offered no objection to the statement of facts. The reasoning of the Jackson court is applicable here since defendant, in pleading no contest, admitted the truth of the facts as alleged by the state, including that he had three prior OMVI convictions.
A defendant may challenge the use of the prior conviction for enhancement purposes by alleging a constitutional infirmity in the prior proceeding. "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of constitutional infirmity." State v. Adams (1988),37 Ohio St.3d 295, paragraph two of the syllabus. "Unless and until the defendant makes such a prima facie showing of the alleged infirmity, `a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law.'" State v. Hopkins (Mar. 1, 2000), Lorain App. No. 98CA007159, unreported, quoting State v. Brandon (1989),45 Ohio St.3d 85, syllabus.
At the outset, we note that defendant contends that his guilty plea to the third OMVI conviction was not knowingly, voluntarily and intelligently made because the municipal court's judgment entry caused him to believe that he was being convicted of a second OMVI and because the municipal court failed to inform him that a third OMVI conviction could be used to enhance the degree of a subsequent OMVI conviction. However, defendant has provided no affidavit, testimony, transcript or other reliable evidence of what he was advised by the municipal court before pleading guilty on September 16, 1999, or what factors entered into his decision to plead guilty. In the absence of a record to the contrary, this court must presume the regularity of the municipal court's proceedings. State v. Drake (1991), 73 Ohio App.3d 640, 647.
Moreover, even if the record supported defendant's assertion that the guilty plea was not knowingly, voluntarily and intelligently made, such failure does not constitute sufficient evidence to establish a prima facie showing of constitutional infirmity. As recently recognized by the Seventh District Court of Appeals in State v. Culberson (May 15, 2001), Columbiana App. No. 00 CO 39, unreported, only one constitutional infirmity (with regard to a collateral attack on a conviction which has been used to enhance the degree of a criminal offense) has to date been recognized by the Ohio or United States Supreme Courts. "That infirmity consists of a conviction obtained without the assistance of counsel, or its corollary, an invalid waiver of the right to counsel." Id., citing Brandon, supra; Baldasar v. Illinois (1980), 446 U.S. 222, 226; Nichols v. United States (1994), 511 U.S. 738; Custis v. United States (1994),511 U.S. 485, 496. See, also, State v. O'Neill (2000), 140 Ohio App.3d 48,52-53.
In the instant case, defendant has never alleged that his guilty plea in the September 16, 1999 proceeding was uncounseled; indeed, he concedes that he was represented by counsel at the time he entered the plea. Rather, defendant contends only that the plea was not knowingly, voluntarily and intelligently made. Because defendant did not assert that he was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel, defendant failed to present a prima facie case of constitutional infirmity. Culberson, supra. Accordingly, defendant's first assignment of error is not well-taken and is overruled.
By the second assignment of error, defendant contends that the trial court erred in failing to recognize that the September 16, 1999 plea hearing contravened Crim.R. 11 because the trial court failed to inform him of the effect of his plea, i.e., that a third OMVI conviction could result in enhancement of the degree of a subsequent OMVI conviction.
Crim.R. 11(D) and (E) govern pleas in misdemeanor cases. Pursuant to Crim.R. 2(C) and (D), respectively, a serious offense is defined as an offense for which confinement can be more than six months, and a petty offense is defined as an offense other than a serious offense. Under Crim.R. 11(D) and (E), in serious or petty misdemeanor cases, a court shall not accept a guilty plea without first informing the defendant of the effect of the guilty plea.
Again, we note that defendant has provided no affidavit, testimony, transcript or other reliable evidence to establish what occurred at the September 16, 1999 plea hearing. In the absence of a record to the contrary, the municipal court's proceedings are presumed correct. Drake, supra.
Moreover, even if the record supported defendant's assertion, the municipal court was not required to advise defendant of the possible enhancing effects of his guilty plea. In State v. Southers (Aug. 30, 1988), Franklin App. No. 88AP-528, unreported, this court stated:
 A plea's possible enhancing effects on any subsequent sentence have been held to be collateral consequences of the conviction and therefore, are not the type of consequences about which a defendant must be advised before defendant enters a guilty plea.
See, also, State v. Graham (Mar. 13, 1997), Franklin App. No. 96APA08-1041, unreported. Accordingly, defendant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, defendant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 _____________________ PETREE, J.
BRYANT, P.J., and DESHLER, J., concur.
[1] Attached to defendant's brief is an uncertified copy of a September 16, 1999 judgment entry from the Franklin County Municipal Court which states, in part: "OMVI 2nd offense[;] Sentence (1) 10 days FCCC eff. 10/8/99[;] (2) $500.00 costs[;] (3) D/L/S [Driver's License Suspension] 1 year eff. 8/14/99[.]" The judgment entry is not a part of the record on appeal. The state does not challenge its authenticity; indeed, the state discusses the entry in its own brief. Defendant, however, concedes that the September 16, 1999 conviction was his third, not second, OMVI conviction. We must presume, therefore, that the municipal court's treatment of defendant's third offense as a second offense was for sentencing purposes only.
[2] The state incorrectly cited the date of defendant's third conviction as August 14, 1999. According to the aforementioned judgment entry, defendant was arrested on August 14, 1999, and convicted on September 16, 1999.