JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Kathleen A. Sutula that denied appellant Robert Rockburn's pre-trial motion to dismiss a prior conviction specification that enhanced a charge of driving under the influence to a felony.[1] We affirm.
 {¶ 2} On March 18, 2001, Rockburn was arrested in Westlake, Ohio and charged with driving under the influence of alcohol {"D.U.I."). Because he had been convicted of the same charges in Cleveland Municipal Court in 1999 and 2000, and in Valley View Village Mayor's Court in 1995, his charge was referred to the Grand Jury and he was indicted on one count of D.U.I., a fourth degree felony.
 {¶ 3} He moved to "Dismiss Specifications of the Indictment," claiming, through an affidavit, that he had not been afforded the right to counsel, nor had he voluntarily, knowingly and intelligently pleaded guilty to his 1995 D.U.I. charge in the Valley View Village Mayor's Court. There is no record of what transpired at the plea hearing because that Mayor's Court typically does not record or otherwise preserve proceedings, but it does maintain a computerized docket that reflected Rockburn's plea of no contest to the D.U.I. charge.
 {¶ 4} The State did not respond to this motion, and the judge stated for the record that she was going to deny it, although no contemporaneous journal entry was filed. Subsequently, Rockburn pleaded no contest to the D.U.I. charge with all specifications; he was found guilty and sentenced to twenty-four months incarceration, a lifetime revocation of his driver's license, forfeiture of his automobile, and ordered to pay costs, supervision fees and a mandatory $800 fine.
 {¶ 5} Rockburn appealed his conviction to this court in "RockburnI",[2] and we reversed, holding that, because he had submitted an affidavit to the judge providing some evidence of constitutional infirmity in the plea procedure during his plea hearing in the 1995 case, the State had the obligation to put forth evidence to show the conviction was valid or dismiss the specification. On remand, the State filed a brief in opposition to Rockburn's motion to dismiss and a hearing was held. The judge denied the motion, ruling that, even if Rockburn had tendered a no contest plea in his 1995 case without the benefit of counsel or a proper plea hearing, he had not served any term of incarceration because of his conviction, and had merely been fined for a misdemeanor offense. As such, the 1995 conviction was still a permissible prior conviction specification enhancement. Rockburn again tendered a no contest plea to the charge and received the same sentence previously imposed.
 {¶ 6} Rockburn's sole assignment of error challenges the denial of his motion to dismiss the specifications of his indictment.
 {¶ 7} The offense of D.U.I. becomes chargeable as a felony of the fourth degree if, within the six years preceding the charged offense, a defendant has been convicted of D.U.I. or another crime enumerated in R.C. 4511.99(A)(2), on three prior occasions.[3] Rockburn's prior cases were identified in his indictment as prior case specifications.
 {¶ 8} The right to be represented by counsel arises from theSixth Amendment to the United States Constitution and is made applicable to the states through the Fourteenth Amendment. Absent a valid waiver, a person cannot be imprisoned for any misdemeanor offense unless represented by counsel.[4] However, if a sentence of imprisonment is not imposed, a misdemeanor defendant has no constitutional right to counsel. The Scott
court specifically chose actual imprisonment as the line delimiting the constitutional right to appointment of counsel, reasoning that actual imprisonment is a different breed of penalty than fines or the mere threat of imprisonment.[5]
 {¶ 9} No uncounseled conviction resulting in a sentence of imprisonment may be used to enhance the penalty for a subsequent conviction.[6] However, where no incarceration was imposed as a result of an uncounseled conviction for a misdemeanor offense, the conviction may be used to enhance punishment for a subsequent conviction.[7] A defendant who challenges a sentence enhancement by questioning the propriety of using a constitutionally deficient conviction (i.e., one obtained without a waiver of counsel or without representation) has the burden of coming forward with evidence to demonstrate a prima facie infirmity.[8] Once that burden is met, the State must rebut the evidence submitted by a defendant, and establish the constitutional propriety of a former conviction.[9]
 {¶ 10} Through his affidavit Rockburn claimed that he was not advised of his right to counsel and did not make a voluntary, knowing and intelligent plea in his 1995 D.U.I. conviction. As a rule, a past conviction cannot be attacked in a subsequent case. Our review is limited to waiver of counsel issues because a defendant, whose current offense is being enhanced due to a prior conviction, may attack that prior conviction within the proceedings of the current offense if the challenge is a violation of the right to counsel.[10]
 {¶ 11} As we held in Rockburn I, the evidence Rockburn submitted created a prima facie case for constitutional infirmity and possible exclusion of the case as a prior conviction specification, and the State was required to provide evidence to support the propriety of including the conviction as a specification.[11] The State responded with a copy of the docket printout for Rockburn's 1995 D.U.I. case, which unambiguously stated that "0" days incarceration were included in his sentence, following conviction, which was entered on December 12, 1995. A Valley View booking form also revealed that he had been in jail for slightly less than six hours on the morning of his arrest.
 {¶ 12} Although Rockburn called into question the lack of representation or waiver of counsel during his 1995 plea proceedings, it is irrelevant in the face of unrebutted evidence from the State that he received no sentence of incarceration for the 1995 case. Under Nicholsv. United States, supra, an uncounseled conviction for a misdemeanor may be used to enhance a later conviction if no incarceration results from the prior conviction. Through his affidavit, Rockburn claimed that the Valley View Mayor indicated to him that he would receive "1 day credit" in the case but, because his detention occurred before he was convicted, this is evidence that he may have been temporarily detained based on the D.U.I. charge, not the conviction.
 {¶ 13} Rockburn however, relies upon State v. O'Neill, supra, in support of his argument that his detention was credited against his sentence. In 1998, O'Neill was charged in the Wintersville Mayor's Court with D.U.I., failed to appear and, because of a bench warrant, spent three days in jail until posting bond. He was unrepresented, pleaded guilty, and was convicted of D.U.I. The audio transcript reveals that the Mayor stated: "[I]t would be my intention to have you placed in the county jail for that three-day period but I'll certainly go with the time served as the three days. In addition to that three days' jail time, your fine will be $500. * * *."
 {¶ 14} Under R.C. 2949.08(B), a defendant gets credit for days he is confined for any reason arising out of the offense for which he is convicted and sentenced. O'Neill received three days' jail time credit for his pre-adjudication jail stay as an offset to the sentence imposedupon conviction. Because O'Neill could not be subject to incarceration without being provided a lawyer or being advised of his rights to representation, that conviction would not be used to enhance a current D.U.I. offense to a felony.
 {¶ 15} Such is not the case for Rockburn, however, because he has not demonstrated that any jail "credit" he avers the Valley View Mayor may have "given" him worked to decrease any imposition of jail time imposed upon conviction. The only evidence available here — the Mayor's Court Docket — reveals that Rockburn received no sentence of incarceration for the conviction. Moreover, under R.C. 2949.08(D), a defendant must be confined more than eight hours to be considered confined for one day, and Rockburn was in the Valley View jail less than six hours.
 {¶ 16} Rockburn's 1995 D.U.I. conviction could be used as a permissible prior conviction specification and the judge did not err in denying the motion to dismiss it from the indictment.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and SEAN C. GALLAGHER, J., concur.
[1] R.C. 4511.19
[2] State v. Rockburn, Cuyahoga App. No. 80903, 2002-Ohio-4923.
[3] R.C. 4511.99(A)(4)(a).
[4] Scott v. Illinois (1979), 440 U.S. 367.
[5] Id. at 373.
[6] State v. O'Neill (2000), 140 Ohio App.3d 48.
[7] Nichols v. United States (1994), 511 U.S. 738.
[8] State v. Brandon (1989), 45 Ohio St.3d 85.
[9] State v. Culberson, 142 Ohio App.3d 656, 2001-Ohio-3261.
[10] Custis v. U.S. (1994), 511 U.S. 485, 487.
[11] It was not disputed that Rockburn was represented by able counsel in connection with his 1999 and 2000 D.U.I. convictions, for which he was incarcerated in each instance. No error is alleged in connection with either of those cases.