OPINION
{¶ 1} This matter comes for consideration upon both the record in the trial court and the parties' briefs. Appellant Theresa Hull appeals the decision of the County Court No. 4 finding her guilty of driving with a prohibited blood alcohol content. The issues we must decide are whether the State presented sufficient evidence to demonstrate substantial compliance with the administrative regulations concerning breath-alcohol tests, and whether the trial court erred by finding Hull guilty upon her plea of no contest when the State failed to offer any explanation of circumstances. Because we conclude the State failed to meet its burden of proving substantial compliance with the administrative regulations and the trial court erred by finding Hull guilty with no explanation of circumstances, the judgment of the trial court is reversed, Hull's plea is vacated and this cause is remanded for further proceedings.
 {¶ 2} On October 13, 2001, Hull was stopped by Trooper Hughes from the Ohio State Highway Patrol for speeding. The trooper testified he detected an odor of alcohol as well as slurred speech. He proceeded to administer field sobriety tests which Hull failed. The trooper placed Hull under arrest and took her to the station where she was given a breath alcohol test. The result was a .12 reading.
 {¶ 3} Hull filed a detailed motion to supress the results of her breath-alcohol test, raising the same arguments presented here, which the trial court denied after an evidentiary hearing. Thereafter, Hull entered a plea of no contest to the charge of driving while intoxicated. The trial court found Hull guilty and sentenced her accordingly. It is from that judgment Hull now appeals.
 {¶ 4} As her first of two assignments of error, Hull asserts:
 {¶ 5} "The evidence of breath testing should have been suppressed because the State did not meet its required burden to show substantial compliance with the administrative regulations."
 {¶ 6} This court's standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,289, 688 N.E.2d 9. "`In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'"State v. Hopfer (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. The reviewing court then independently determines any legal issues. State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. See State v.O'Neill (2000), 140 Ohio App.3d 48, 746 N.E.2d 654.
 {¶ 7} Hull has presented four separate issues for our review within this assignment of error. Because the first issue renders moot the remaining three issues we will limit our analysis to this one issue: "Whether sufficient evidence was presented to prove hand-held radios normally used by the law enforcement agency were used for the radio frequency interference ("RFI") check."
 {¶ 8} R.C. 4511.19(D) provides that bodily substances "shall be analyzed in accordance with methods approved by the director of health." Pursuant to R.C. 3701.143, the DOH has established the procedures which are to be followed to ensure that the various alcohol testing devices are in proper working condition. Ohio Adm. Code 3701-53-02(C) requires that an RFI survey be performed for each breath-testing instrument, and "shall be performed by a senior operator * * * in accordance with the instructions on the form set forth in appendix H to this rule." Appendix H states:
 {¶ 9} "* * * When the instrument has reached operating temperature, two persons and two hand-held radios are needed for testing. Senior operator should remain with instrument while other person transmits by keying radio. Person assisting starts at 30 feet from instrument on line 1 proceeding to instrument as physically possible. * * *"
 {¶ 10} However, the State need not prove strict or perfect compliance with the ODH regulations. In State v. Plummer (1986),22 Ohio St.3d 292, 490 N.E.2d 902, syllabus, the Ohio Supreme Court held that in order for an alcohol test to be admissible, the State need only show substantial compliance with ODH regulations. The State had the burden of proof concerning the substantial compliance of the RFI survey with Ohio Adm. Code 3701-53-02(C). State v. Adams (1992),73 Ohio App.3d 735, 744, 598 N.E.2d 176 citing Cincinnati v. Sands
(1975), 43 Ohio St.2d 79, 330 N.E.2d 908. Substantial compliance with those administrative regulations is necessary for breath test results to be admissible into evidence. See Defiance v. Kretz (1991), 60 Ohio St.3d 1,3, 573 N.E.2d 32. Ohio Adm. Code 3701-53-02(C) provides that an RFI survey "shall be performed by a senior operator * * * in accordance with the instructions on the form set forth in appendix H to this rule."
 {¶ 11} Other courts have addressed this precise issue raised by Hull and have held that the use of one hand-held radio during the RFI survey does not substantially comply with the applicable regulations. InState v. Asman (1989), 63 Ohio App.3d 535, 541, 579 N.E.2d 512, the court wrote:
 {¶ 12} "The trial court in the case sub judice committed no error in finding a failure of substantial compliance with Ohio Adm. Code3701-53-02(C). Despite the regulation requirement that two persons, each using a hand-held radio, perform the test, the August 4, 1987 RFI survey was conducted with only one hand-held radio."
 {¶ 13} In State v. Laivins, (Apr. 25, 1989), 5th Dist. No. 88-CA-35, the State similarly argued that a single hand-held radio used to conduct the RFI check was in substantial compliance with the applicable regulations. The Fifth District disagreed.
 {¶ 14} "The State should persuade the Director of Health to rewrite his regulations if this result is desired. The purpose of the RFI survey is to `confirm' the operation of the internal detector. The purpose of the second radio is to remain with the instrument being tested to receive transmissions. Without the second radio by the machine to receive signals from the first radio, there is no way to know for sure that the radio is actually transmitting. Furthermore, since the object of the test is to determine whether the BAC Verifier's internal detector is functioning properly, it is anomalous to use the detector to test itself. If an RFI survey could be conducted accurately in that manner, we presume the Director would amend his regulations to say so. The fact that the machine aborts a test does not ensure that the BAC detector is working properly." See, also,Cleveland v. Patalon (Dec. 10, 1992) 8th Dist. No. 61401; Columbus v. Crumbley (Aug. 29, 1989), 10th Dist. No. 89AP-171 and 172; State v. Harris (June 29, 1995), 4th Dist. No. 94 CA 1635; State v. Fley (Dec. 14, 1988), 1st Dist. No. C-870811; State v.Hirtzinger (Mar. 29, 1996) 2d Dist. No. 95CA58.
 {¶ 15} In the present case, the only evidence in the record which would demonstrate an RFI survey was even completed, is one line found in the instrument check form which states, "When instrument displays "PLEASE BLOW", transmit using hand-held radio near instrument without touching it, until RFI Detector aborts the test." The State provided evidence that only one radio had been used to perform the RFI survey. The regulations explicitly provide that two hand-held radios must be utilized. The State clearly did not meet its burden. Because the RFI survey conducted by the police did not substantially comply with the Department of Health regulations, we conclude the trial court erred in refusing to suppress the results of Hull's breath-alcohol test. Thus, her first assignment of error is meritorious.
 {¶ 16} As her second and final assignment of error, Hull asserts:
 {¶ 17} "The court erred by finding the Defendant guilty upon her plea of no contest, as the State offered no explanation of the circumstances."
 {¶ 18} Hull contends that after a "no contest" plea, a finding of guilt must be preceded by some inquiry to obtain an "explanation of circumstances." The applicable statutory provision, R.C. 2937.07, states in relevant part:
 {¶ 19} "If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."
 {¶ 20} The Ohio Supreme Court found the statute a viable standard. "Section 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis of a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150, 459 N.E.2d 532. R.C. 2937.07 is mandatory and it cannot be presumed from a silent record that the trial court complied with its requirements. State v. Schniable (Apr. 9, 1997), 7th Dist. No. 95-CO-60, at 4 citing State v. Boerst (1973), 45 Ohio App.2d 240, 241. See, also, State v. Malek (Nov. 20, 2002), 7th Dist. No. 02CA97.
 {¶ 21} Schniable held a no contest plea relieves the prosecution of the burden of presenting evidence sufficient to prove a defendant guilty beyond a reasonable doubt. This does not relieve the burden to present facts relating to each element of the offense in the explanation of circumstances. Thus, a conviction is improper when statements of factual matters presented to the court in support of the complaint negate an essential element of the offense charged, Id. citing State v. StowVeterans Assn. (1987), 35 Ohio App.3d 45, 46. "[T]he question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance."Bowers, at 151.
 {¶ 22} In Bowers, the defendant was convicted after pleading no contest to a charge of driving while under the influence and subsequently appealed. Id., at 148-149. The court reasoned the trial court erred when the actual complaint, arresting officer's report, and all other such documentary evidence was not specifically read into the record to illustrate that the court made its decision in a non-perfunctory manner. Id. at 151. The record must reflect and explain the evidence the court considered when it rendered its verdict. Id. Therefore, the Ohio Supreme Court vacated the defendant's plea because the trial court failed to read into the record an explanation of circumstances as required under R.C.2937.07. Id.
 {¶ 23} In the instant case, the transcripts likewise fail to illustrate Hull was ever addressed concerning either the charge against her or the elements of that offense. Applying Bowers, it is apparent the trial court failed to fully explain the circumstances surrounding the case. Hull's second assignment of error is meritorious.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is reversed, Hull's plea is vacated, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Waite, P.J., and Donofrio, J., concur.