JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Marsha Bonds ("Bonds"), appeals the trial court's decision to enhance her conviction from a misdemeanor to a felony. Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2002, Bonds was charged with one count of driving under the influence ("DUI") in violation of R.C. 4511.19. The indictment also alleged that Bonds had three prior DUI convictions, September 9 and September 30, 1999 in Painesville Municipal Court and November 9, 1998 in Berea Municipal Court. The indictment was amended to allege "without counsel but with a valid waiver of her right to counsel" for the September 9 conviction.
 {¶ 3} Bonds moved to dismiss the felony indictment because her September 9 conviction was without counsel. Although it was stipulated that she did not have an attorney represent her for that conviction, the State contended that she voluntarily, knowingly, and intelligently waived her right to counsel. At the motion hearing, the State introduced several exhibits supporting its contention, including the acknowledgment of rights and waiver of counsel form she signed at the September 9 hearing and the audiotape from that hearing. Bonds introduced a partial uncertified transcript of the September 9 hearing, which her counsel personally prepared.
 {¶ 4} After listening to the audiotape and reviewing all other exhibits, the trial court denied Bonds' motion to dismiss the felony indictment. Bonds pled no contest and was convicted of felony DUI.
 {¶ 5} In her sole assignment of error, Bonds argues that the trial court erred in enhancing her DUI conviction from a misdemeanor to a felony based on a prior uncounseled plea for which she was incarcerated.
 {¶ 6} If a defendant has three prior DUI convictions within six years of the current offense, R.C. 4511.99(A)(4)(a)(i) provides that the current DUI violation is enhanced from a first degree misdemeanor to a fourth degree felony. Where the existence of a prior conviction enhances the degree of the subsequent offense, it is an essential element of that offense, which the State must prove beyond a reasonable doubt. State v.Arnold (Jan. 24, 2002), Cuyahoga App. No. 79280, citing State v. Nievas
(1997), 121 Ohio App.3d 451. See also State v. Allen (1987),29 Ohio St.3d 53, citing State v. Gordon (1971), 28 Ohio St.2d 45, 57.
 {¶ 7} A defendant whose current offense is being enhanced due to a prior conviction may attack that prior conviction within the proceedings of the current offense only if the attack concerns a violation of the right to counsel. State v. O'Neill (2000), 140 Ohio App.3d 48, citing,Custis v. United States (1994), 511 U.S. 485, 487.
 {¶ 8} In the instant case, the September 9 conviction transformed the charge against Bonds from a misdemeanor to a felony. Bonds maintains that her Sixth Amendment right to counsel was violated at the September 9 hearing because she was not represented by counsel. The State concedes that Bonds did not have an attorney at her plea hearing; however, it maintains that she knowingly waived her right to counsel. Thus, the State argues that it is proper to use Bonds' September 9 conviction to enhance her current sentence.
 {¶ 9} Because the September 9 misdemeanor conviction resulted in a term of imprisonment, the main issue is whether Bonds knowingly waived her right to counsel. Absent a valid waiver, no person may be imprisoned for any offense whether a misdemeanor or a felony unless represented by trial counsel. O'Neill, supra, citing, Argersinger v. Hamlin (1972),407 U.S. 25, 37; Scott v. Illinois (1979), 440 U.S. 367, 374. A prior uncounseled misdemeanor conviction is not valid under Scott when a prison term is imposed, and thus it may not be used to enhance a subsequent conviction. Nichols v. United States (1994), 511 U.S. 738, 749.
 {¶ 10} Although Bonds was not represented by an attorney at the September 9 hearing, she may not have been "uncounseled." An uncounseled conviction is one where the defendant was not represented by counsel and failed to make a knowing and intelligent waiver of counsel. State v.Vales (Feb. 24, 2000), Cuyahoga App. No. 75653, citing State v. Carrion
(1992), 84 Ohio App.3d 27, 31. A defendant who is afforded the right to counsel but rejects that right has not suffered from an uncounseled conviction. Id.
 {¶ 11} The Ohio Supreme Court held in State v. Brandon (1989),45 Ohio St.3d 85, 88:
{¶ 12} "Where questions arise concerning a prior conviction, areviewing court must presume all underlying proceedings were conducted inaccordance with the rules of law and a defendant must introduce evidenceto the contrary in order to establish a prima facie showing ofconstitutional infirmity."
 {¶ 13} Here, because Bonds asserted she was uncounseled at the September 9 hearing, the burden shifted to the State to prove that she was afforded the right to counsel. The State introduced various exhibits into evidence, including the acknowledgment of rights and waiver of counsel form which Bonds signed at the September 9 hearing and the audiotape from that hearing.
 {¶ 14} When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. Further, the appellant has the duty to provide a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Id. See, also, App.R. 9(B) and 10(A). In the absence of such evidence within the record, this court must presume the regularity of the proceedings below. Id.; Baltz v. Richards,
Cuyahoga App. No. 81300, 2003-Ohio-560, discretionary appeal denied (2003), 99 Ohio St.3d 1436; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20.
 {¶ 15} The record before this court does not contain the audiotape of the September 9 hearing. Even though the parties stipulated to the uncertified partial transcript prepared by defense counsel, the trial court also listened to the complete audiotape in open court and had the opportunity to compare it to the uncertified transcript. The trial court determined the validity of Bonds' waiver by reviewing the signed waiver, listening to the audiotape, and reviewing the stipulated partial transcript. The trial court made no finding in the record to indicate that the stipulated transcript was an accurate representation of the entire contents of the audiotape. The uncertified transcript is incomplete and makes numerous presumptions as to what was actually said. Additionally, the prosecuting attorney, although stipulating to the purported transcript, objected that the transcript did not include all the statements Bonds made, which he heard on the audiotape.
 {¶ 16} This court cannot simply rely on an incomplete uncertified transcript prepared by Bonds' counsel when the record reflects that the trial court listened to the audiotape of the hearing. Therefore, in lieu of the actual audiotape or an App.R. 9(C) statement, we must presume regularity and find that Bonds voluntarily, intelligently, and knowingly waived her right to counsel at the September 9 hearing in Painesville Municipal Court. See, e.g., Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, (noting that reviewing court must presume regularity in the trial court proceedings when portions of the transcript necessary to resolve issues are not part of the record).
 {¶ 17} Accordingly, Bonds' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. and Calabrese, Jr., J. concur.