DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Huron County Court of Common Pleas wherein a jury found appellant, Kurt Johnson, guilty of felonious assault and domestic violence. For the reasons that follow, we affirm appellant's conviction.
 {¶ 2} On December 12, 2003, appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1) and one count of domestic violence, a violation of R.C. 2919.25(A). A trial commenced on March 23, 2004. Roberta Smith testified that she shared an apartment with appellant in 2003. In November 2003, Smith got angry at appellant, left their apartment, and went to stay with her friend, Susan Moser. A few days later, on November 14, 2003, appellant telephoned Smith at Moser's house. Smith testified that appellant told her that "she'd better get home or something is going to happen * * *." Smith returned to the apartment with the intention of ending her relationship with appellant. Smith told appellant that she was packing her things and moving in with her mother. As Smith was putting on her coat, appellant grabbed her arm and pushed her to the floor. Smith testified that appellant told her she "was not going anywhere." He then kicked her in the ribs. Smith testified that she was in great pain, she had trouble breathing and she felt like she was dying. Smith told appellant that she needed to go to the hospital but appellant assured her that she was "ok." After Smith begged appellant to take her to the hospital, he finally relented.
 {¶ 3} In the hospital parking lot, Smith testified that appellant instructed her to make up a story regarding the cause of her injury. Appellant told her to say that she fell down the stairs so that appellant would not get into trouble for kicking her. Smith agreed to the story and appellant carried her into the emergency room. Doctors determined that Smith's spleen had been fractured necessitating its removal. It was not until Smith woke up after her surgery that she told a nurse that appellant had caused her injury. She testified that she initially lied about her injury because she was afraid of appellant.
 {¶ 4} Dr. Robin Steenstra testified that she treated Smith at the Fisher-Titus Medical Center emergency room in Norwalk, Ohio, on November 14, 2003. Smith told Dr. Steenstra that she had fallen down the stairs and injured herself. Dr. Steenstra testified that she did not believe Smith "because of the amount of distress that she was in and the mechanism of the injury that she described didn't match up." Dr. Steenstra determined that Smith had fractured her spleen and that she was bleeding internally. Dr. Steenstra testified that she stabilized Smith and made arrangements for her to be transferred to a trauma surgeon in Toledo, Ohio.
 {¶ 5} Smith was flown by helicopter to the Medical College of Ohio in Toledo. There she was placed under the care of trauma surgeon, Dr. Shaikh Abdul Hai. Dr. Hai testified that upon Smith's arrival, she was rushed into surgery and her spleen was removed. Dr. Hai testified that he found Smith's explanation for her injury unusual given the fact that her injury was isolated and her body showed no other signs that she had fallen down stairs.
 {¶ 6} Christine Caulkins testified that she is a nurse at the Medical College of Ohio. Smith, following her surgery, was a patient of Caulkins. Caulkins testified that on November 15, 2003, she asked Smith about her fall down some stairs. Caulkins testified that Smith began to cry and told her that she did not injure herself from a fall. Smith told Caulkins that she was injured when her boyfriend kicked her.
 {¶ 7} On March 25, 2004, a jury found appellant guilty of felonious assault and domestic violence. He was sentenced to eight years in prison. Appellant now appeals setting forth the following assignments of error:
 {¶ 8} "I. Defendant-appellant's convictions for felonious assault and domestic violence were against the manifest weight of the evidence.
 {¶ 9} "II. The trial court erred to the prejudice of the defendant-appellant in denying his motion in limine, and admitting evidence of a prior conviction for domestic violence where said conviction was based upon and uncounseled plea."
 {¶ 10} In his first assignment of error, appellant challenges the credibility of Roberta Smith. Appellant notes that Smith admitted she initially lied about the cause of her injury.
 {¶ 11} The Supreme Court of Ohio has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence. "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v.Thompkins (1997), 78 Ohio St.3d 380 at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172 at 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial.Martin at 175. It is well settled that the issue of credibility of the witnesses is a matter to be determined by the trier of fact and not by the reviewing court. State v. DeHass (1967),10 Ohio St. 2d 230, paragraph one of the syllabus.
 {¶ 12} Jurors can pick and choose what they wish to believe. The jurors in this case obviously chose to believe the testimony of Smith. On review, we cannot say that in doing so the jury clearly lost its way or perpetrated a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} Appellant's second assignment of error concerns the court's decision to admit proof of his 2001 conviction for domestic violence into evidence.
 {¶ 14} The indictment in this case charged appellant with felony domestic violence in violation of R.C. 2919.25(A). The indictment alleged that appellant had previously been convicted of domestic violence. R.C. 2919.25(D) elevates the misdemeanor offense of domestic violence to a felony of the fifth degree for an offender who previously has pled guilty to or been convicted of domestic violence.
 {¶ 15} On the day of trial, appellant's counsel attempted to block evidence of the prior conviction through an oral motion in limine. Counsel alleged that the prior conviction was inadmissible because it resulted from an uncounseled plea. The trial judge heard arguments on both sides and decided that counsel had, in effect, orally moved for suppression of appellant's prior conviction. The trial court then denied the motion. Appellant first contends that the trial court erred in finding his motion in limine to be a delayed motion to suppress.
 {¶ 16} "The purpose and effect of a motion to suppress and a motion in limine are distinct. A `motion to suppress' is defined as a `[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), theFifth Amendment (privilege against self incrimination), or theSixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitution.'" State v. French (1995),72 Ohio St. 3d 446, citing Black's Law Dictionary (6 Ed. 1990) 1014. Motions to suppress are governed by the time constraints found in Crim R.12. A trial court, however, may extend the time in the interest of justice. Crim.R. 12(D)
 {¶ 17} "`[A] decision on a motion in limine is a pretrial, preliminary, anticipatory ruling on the admissibility of evidence. A ruling on a motion in limine is interlocutory, usually dealing with the potential admissibility of evidence at trial. It therefore cannot serve as the basis for an assignment of error on appeal.' Krotine v. Neer, Franklin App. No. 02AP-121, 2002 Ohio 7019, at P10, citing State v. Grubb (1986),28 Ohio St.3d 199, 201-202. It reflects the court's "anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty `* * * to consider the admissibility of the disputed evidence in its actual context."' Grubb at 202, quoting State v. White (1982),6 Ohio App.3d 1, 4, * * *. As a result, a motion in limine does not preserve for purposes of appeal any error in the disposition of the motion in limine. `An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial.' (Citations omitted.) Grubb at 203, quoting Statev. Leslie (1984), 14 Ohio App.3d 343, 344, * * *. The failure to object at trial to the allegedly inadmissible evidence constitutes a waiver of the challenge. State v. Wilson (1982),8 Ohio App.3d 216, * * *." State v. Draughon, 10th Dist. No. 02AP-958, 2003-Ohio-1705. There are no time frames for motions in limine.
 {¶ 18} Appellant argued that admission of his prior conviction was prejudicial because it was the result of an uncounseled plea. Though evidence of his prior conviction shows that before entering a guilty plea to the charge of domestic violence he waived his right to counsel, appellant argued that further investigation shows he did not knowingly, voluntarily or intelligently waive his right to counsel. Appellant's argument clearly alleges that his prior conviction was obtained in violation of the Sixth Amendment's right to assistance of counsel. Accordingly, we find that the trial court did not err in viewing appellant's pretrial motion to be a suppression motion. See State v. Kiger, 7th Dist. No. 01-CO-51, 2002-Ohio-7172.
 {¶ 19} Appellant next contends that the state failed to prove that appellant properly waived his right to counsel.
 {¶ 20} The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee to individuals the right to counsel in criminal matters. Though these rights may be waived by an individual, they may only be waived upon a showing that the waiver was intelligent, knowing, and voluntary. Miranda v.Arizona (1966), 384 U.S. 436, 444.
 {¶ 21} "An uncounseled conviction is one where the defendant was not represented by counsel and failed to make a knowing and intelligent waiver of counsel. (Citation omitted), State v.Carrion (1992), 84 Ohio App.3d 27, 31. A defendant who is afforded the right to counsel but rejects that right has not suffered from an uncounseled conviction. Id." State v. Bonds,
8th Dist. No. 83836, 2004-Ohio-3483. "Where questions arise concerning a prior conviction for purposes of enhancing another charge, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.State v. Brandon (1989), 45 Ohio St. 3d 85, 88.
 {¶ 22} Gloria Werner, chief deputy clerk of the Lorain Municipal Court, reading from a certified court document, testified that in 2001, appellant was convicted of domestic violence in the Lorain Municipal Court. Werner testified that the document shows that appellant was advised of his constitutional rights, including his right to counsel, before he entered his plea. The document, introduced into evidence, contains appellant's signature under a paragraph that reads "[I] hereby knowingly, intelligently, and voluntarily waive my rights as explained to me * * *." Appellant's counsel was afforded the opportunity to fully cross-examine Werner and, though counsel registered a continuing objection to the admission of the prior conviction, he offered no evidence to rebut the presumed regularity of the certified court document. Based on the foregoing, we must conclude that appellant's guilty plea was not uncounseled as the record shows that he knowingly, intelligently and, voluntarily waived his right to counsel.
 {¶ 23} Finally, appellant contends that he would have been acquitted were it not for the admission of his prior conviction. Given our discussion of appellant's first assignment of error, we must reject this argument. Appellant's second assignment of error is found not well-taken.
 {¶ 24} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Huron County and for which execution is awarded. See App.R.24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J., Concur.